## ESTATE OF ELIZ. S. PALMER, DECEASED.

APPEAL BY J. K. CREEVEY FROM THE ORPHANS' COURT OF
PHILADELPHIA COUNTY.

Argued January 28, 1890—Decided February 17, 1890.

The question whether, in an issue devisavit vel non, the proponents of the
will shall be made the plaintiffs, or the defendants, is within the discre-
tion of the Orphans' Court, and the exercise of such discretion is not re-
viewable on appeal to the Supreme Court.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WIL-
LIAMS, McCOLLUM and MITCHELL, JJ.

No. 170 July Term 1889, Sup. Ct.; court below, No. 241
October Term 1886, O. C.

On April 9, 1889, on the hearing of an appeal from the de-
cree of the register of wills admitting to probate the will of
Elizabeth S. Palmer, deceased, dated May 16, 1885, instituted
upon the petition of John K. Creevey, praying that an issue be
granted to decide the questions: 1. Whether the said decedent
at the date of the said alleged will had sufficient mental capac-
ity to make a will; 2. Whether the said alleged will was the last
will and testament of said deceased; 3. Whether the said al-
leged will was executed by said deceased under undue influence,
the court, HANNA, P. J., entered an order that the appeal be
sustained, the issue granted, and precept awarded. Thereupon
the counsel for the contestant prepared a precept directed to
the Court of Common Pleas No. 3, making the contestant the
plaintiff and the proponents of the will defendants in the issue,
in accordance with the opinion of Mr. Justice GREEN, in Yard-
ley v. Cuthbertson, 108 Pa. 447.

On June 29, 1889, John S. Hallman, administrator of Mary
J. Kerr, deceased, a residuary legatee under the will of Eliza-
beth S. Palmer, deceased, presented his petition to the Orphans'
Court, setting out the order granting the issue and awarding
the precept, with the form of the precept as filed, and praying
upon the grounds therein averred that the court would order
that the precept referred to be withdrawn and that in its place

a new precept be awarded in accordance with the issues granted by the court, wherein Thomas Carroll, executor of the last will and testament of Elizabeth S. Palmer, deceased, and John S. Hallman, administrator of the estate of Mary J. Kerr, deceased, residuary legatee, should be named as plaintiffs, and John K. Creevey, contestant, as the defendant.

An answer having been filed to a rule granted upon the foregoing petition, an argument was heard and on July 13, 1889, the court, HANNA, P. J., entered an order as prayed for, directing the precept on file to be withdrawn and " that a new precept be issued in the place and stead thereof, in which the proponents of the will be named as plaintiffs, and the contestant be named as defendant, to determine the issues asked for." Thereupon, John K. Creevey, the contestant, took this appeal, assigning the decree of July 13th for error.

*Mr. A. Sydney Biddle* (with him *Mr. John V. McGeoghegan*), for the appellant.

Counsel cited: Yardley v. Cuthbertson, 108 Pa. 446; Cuthbertson's App., 97 Pa. 164.

*Mr. Frederick Carroll Brewster*, for the appellees.

Counsel cited, as to the practice: Dean v. Negley, 41 Pa. 312; Eckert v. Flowry, 43 Pa. 46; Boyd v. Boyd, 66 Pa. 283; Frew v. Clarke, 80 Pa. 170; Irvin v. Deschamps, 11 W. N. 365; Yardley v. Cuthbertson, 11 W. N. 384, continuing: This is the same case of Yardley v. Cuthbertson, 108 Pa. 446, referred to in appellant's paper-book. The views of Mr. Justice GREEN, in that case, cited by appellant, were expressly declared to be obiter dicta only. The whole subject has been thoroughly discussed in the later case of Ruddach v. Reichenbach, 17 W. N. 549, in which Judge Allison suggests that it is a fair inference that Mr. Justice GREEN's attention was not called to the act of assembly on which this point turns. Judge Allison further refers to a learned article, written by Judge Penrose, of the Orphans' Court, in the Legal Intelligencer of November 20, 1885.*

---

*The article referred to, is reprinted in 17 W. N. 551.

PER CURIAM:

This was an appeal from the Orphans' Court, and the only question sought to be raised is whether, in an issue devisavit vel non, the proponents of the will shall be the plaintiffs, or the defendants in such issue. This we think, is in the discretion of the Orphans' Court, and not reviewable here.

Appeal quashed.