## Plotts' Estate.

Argued December 5, 1938. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN and BARNES, JJ.

*Harold B. Bornemann,* with him *Russell Miller* and *William A. Gray,* for appellant.

*William E. Mikell, Jr.,* with him *Harry E. Sprogell, Henry Panfil, Benjamin B. Hoar* and *Saul, Ewing, Remick & Saul,* for appellees.

OPINION BY MR. JUSTICE BARNES, March 22, 1939:

Mary A. Plotts, a resident of Philadelphia, aged 83 years, died on June 6, 1935. A will bearing her signature and dated June 3, 1935, was admitted to probate by the Register of Wills of Philadelphia County on June 11, 1935. Arthur R. Plotts, son of testatrix, was named therein as executor and made the sole beneficiary under its terms. He duly qualified and proceeded with the administration of the estate.

On June 3, 1937, the Pennsylvania Company for Insurances on Lives and Granting Annuities, (hereafter called Pennsylvania Company) and Richard B. Siegel, Jr., appealed from the decree of probate. In their petition for a citation sur appeal they averred that the last will and testament of Mary A. Plotts, together with a codicil thereto, was executed by her on May 23, 1932; that under the provisions of that will testatrix bequeathed to them the sum of $15,000 and her entire residuary estate, upon the trusts therein declared, and designated them as her executors and trustees; that

the writing which was probated is not the last will and testament of decedent.

A responsive answer was made by Arthur R. Plotts, and a replication was filed, followed by a hearing at which testimony was taken in support of the petition. As a result thereof, the court awarded an issue devisavit vel non to be tried by a jury in the Orphans' Court, pursuant to the provisions of the Act of July 1, 1937, P. L. 2665,[1] to determine two issues of fact which are in substance as follows: (1) whether the probated will dated June 3, 1935, "was actually signed and executed by the said Mary A. Plotts on June 3, 1935, or at any time subsequent to May 23, 1932"; and (2) whether Mary A. Plotts had testamentary capacity on June 3, 1935, when the probated will was alleged to have been executed.

At the trial, Arthur R. Plotts, the proponent, was designated as plaintiff in the action, and the Pennsylvania Company and other parties in interest, the contestants, were made defendants. According to the evidence on behalf of contestants, it was asserted that the probated will was in fact executed by testatrix in June, 1922, and was not thereafter reexecuted by her; that proponent, having possession of the paper, erased

---

[1] The Act of July 1, 1937, P. L. 2665, amends the Act of June 7, 1917, P. L. 363, by adding thereto a new subdvision [Section 21] providing in part as follows: "In any case where the Orphans' Court may deem it expedient or shall be required to send an issue to the Court of Common Pleas for the trial of facts by a jury, the Orphans' Court, or a judge thereof, may, in its or his discretion, draw a jury, and a judge of said court shall preside at the trial of said issue. The panel of jurors drawn for service in the Common Pleas court of the county in which the Orphans' Court is located shall be available for such service in the Orphans' Court. . . ."

The purpose of this Act was to save time and expense to parties litigant, to simplify the procedure in such cases, and to require "that only one appeal shall be taken and that shall be from the final decree of the Orphans' Court. . . ." The instant case is the first jury trial in the court below under the provisions of this Act.

its true date shortly before his mother's death, and without her knowledge or authority substituted therein a clause reading: *"dated the third day of June, 1935."*

Two of the three subscribing witnesses testified that they affixed their signatures to the will several days after the death of testatrix, at the request of proponent. They admitted under cross-examination that they had perjured themselves in the probate proceedings before the Register of Wills, when they made affidavit that they had witnessed the will in her presence. The third subscribing witness, who is the wife of proponent, was not called as it was agreed by contestants that her testimony would be adverse to her husband, and therefore incompetent. The physician who attended testatrix in her last illness, stated that while he made no examination to determine her mental condition, she was under the influence of opiates to relieve pain, and in consequence was physically unable to sign her name on June 3, 1935, and for several days prior thereto. Proponent in his testimony insisted that the will was executed by testatrix upon the date appearing therein, and that it was witnessed on the same day. He was positive that his mother was of sound mind and competent to make a will at the time.

The jury returned the answer "no" to both issues of fact placed before it, finding in favor of contestants that the will was not executed upon its purported date, nor subsequently to the 1932 will; and that decedent did not possess testamentary capacity upon the date in controversy. Proponent's motions for a new trial and for judgment non obstante veredicto were denied by the court in banc. A final decree was entered sustaining the appeal from the Register of Wills, and setting aside the probate of the will. From the decree so entered proponent has taken this appeal.

The principal complaint of proponent is based upon the refusal of the trial judge to receive the record of probate of the Register of Wills as prima facie evidence of the due execution of the contested will. This is really

the crucial question of the case. He contends that a new trial should be granted because it was prejudicial error to require him to prove the execution of the will, as he was entitled to have the record admitted and to rest his case at that point, the burden then shifting to contestants to overcome the will.

At the trial it appears that proponent first offered in evidence the entire record of the probate for the purpose of establishing the execution of the will. This met with an objection, which the trial judge sustained upon the ground that when an issue is awarded its effect is to open the decree of probate, and to place the burden of proving the will de novo upon proponent. He admitted the will for the limited purpose of having before the jury the instrument upon which they were to pass, but refused to receive it generally until its execution was proved by the subscribing witnesses, unless it were shown that they were deceased, absent or could not be found.

Proponent was then faced with the alternative of excepting to the ruling of the trial judge and resting his case, or of calling the subscribing witnesses who were present in court. He proceeded to call two such witnesses who identified their signatures upon the will. When they gave testimony in contradiction of their affidavits taken before the Register, the court permitted counsel for proponent to examine them as hostile witnesses, and later admitted in evidence their affidavits so they could be read to the jury. Moreover, the trial judge made it clear that such witnesses were to be regarded as witnesses of the court rather than of either party, and were subject to examination and cross-examination to the fullest extent by both sides to the litigation.

It is apparent that the ruling of the trial judge affected only the order of proof. If proponent had been permitted to introduce the record of probate and shift the burden of going forward with the evidence to con-

testants, the same individuals would undoubtedly have been called by the latter, and would have given their testimony substantially in the same sequence in which it was received. In view of the explicit instructions to the jury that the testimony of the subscribing witnesses was in effect common property, there is no merit in the contention that the ruling was prejudicial because it "thrust into proponent's case" upon the opening of the trial the evidence of contestants' principal witnesses. We have no hesitancy in reaching the conclusion that the action of the trial judge, if error, was harmless under the circumstances here appearing, and does not justify the award of a new trial.

In *Messner v. Elliott,* 184 Pa. 41, with reference to the trial of an issue devisavit vel non, we said (p. 54) : "In conducting the trial of cases such as this, passing upon the relevancy of evidence, the order of its admission, the mode of examining witnesses, etc., very much must be left to the sound discretion of the trial judge. It is incumbent on the party complaining not only to point out technical error but to satisfy us that he or she was prejudiced thereby. Innoxious error is no ground of reversal." We quoted with approval and followed this principle in *McNitt v. Gilliland,* 246 Pa. 378, 386. Also in *Keen's Estate,* 299 Pa. 430 (p. 440), it is stated : "This question [the one here under consideration] is not of vital importance here as the proponents offered proof in the Orphans' Court of the execution of the will."

The desirability of uniformity of procedure, both on appeal from the Register admitting a will to probate, and in the jury trial of an issue devisavit vel non in the Orphans' Court, which suggested itself so strongly to the court below, is likewise viewed here with approval. Prior to the decision of this Court in *Keen's Estate,* supra, there was a conflict of authority upon the question whether, in the trial of an issue, the proponent established a prima facie case by introducing in evidence

the probate record. The court below, reviewing the cases, states in its opinion: "In cases of trial of an issue before a jury there was considerable contradiction in the authorities as to practice. Thus, in *Sholly v. Diller,* 2 Rawle 177, and in *Davies v. Morris,* 17 Pa. 205, the record of probate was apparently held sufficient to establish a prima facie case. Upon the contrary *Derr v. Greenawalt,* 76 Pa. 239; *Cowden v. Reynolds,* 12 S. & R. 281, and even Judge PENROSE in *Whitaker's Estate,* 10 W. N. C. 139 (cited in *Keen's Est.),* apparently decided that the proponent, upon the trial of an issue, must proceed de novo." [2]

Following *Keen's Estate,* supra, where there was an appeal from a decree refusing an issue, it became firmly settled that in appeals from the Register the probate record should be accepted as prima facie evidence of the execution of the will. However, there still remained uncertainty whether this procedure likewise applied in the trial of an issue before a jury. The language from the opinion which gives rise to doubt upon this question reads as follows (p. 440): "The record suggests a question of practice on appeal from the Register's order probating a will. In such case, it is sufficient for the proponents in the first instance to offer the Register's record of probate, including the will; thereupon, the burden of proof shifts to the contestants. See 1 Rhone Orphans' Court Practice (3d. ed.), page 737; 28 R. C. L. 145. 'Until a prima facie case against a will has been made out by the contestants, they [the proponents] may rest upon the proof before the Register, whose decree admitting the will to probate stands until duly reversed': *Whitaker's Est.,* 10 W. N. C. 139, opinion by Judge PENROSE."

While it may at first appear that the rule of procedure approved in *Keen's Estate,* supra, applied solely to the initial hearing in the Orphans' Court with respect to the

[2] See 33 D. & C. 490, Opinion by Judge STEARNE.

award of an issue, a study of the opinion and the authorities therein cited seem to indicate that it was intended to include as well the trial of the issue, if granted, before the jury. This is in accord with what appears to be the weight of authority both in this state and in other jurisdictions,—that the burden of proof in both cases is satisfied by the introduction in evidence of the probate record, and the contestants must then offer proof to overcome the prima facie case thereby established. See 28 R. C. L. 144, 145.

We have considered fully the opposing views upon this question and conclude that the practice indicated in *Keen's Estate,* supra, should be followed in trials of awarded issues devisavit vel non, as well as in appeals from probate to the Orphans' Court. While it is true generally that the burden rests upon the proponent at all times to sustain the will, yet in the first instance he meets that burden by offering in evidence the record of probate.

As the subscribing witnesses are deemed the "court's witnesses": *Whitaker's Estate,* supra, [10 W. N. C. 139], their attendance at the trial should be required by the court, if necessary, upon the request of proponent or contestant. When called to testify they may be freely examined and cross-examined by both parties, without either one being bound by any adverse testimony given by such witnesses, as would be in the case of a witness called as if upon cross-examination. The justification for their presence at the trial of an issue to determine the validity of a will may be found in the fact that they are competent to prove not merely the execution of the will, but that the testator was of sound mind at the time it was signed, and they are subject to examination at length upon these essential questions in cases of this character: *Egbert v. Egbert,* 78 Pa. 326; *McNitt v. Gilliland,* supra, (p. 386).

The proponent also complains of the ruling of the trial judge which placed upon him the burden of proof

of the first issue of fact involving the date of execution of the probated will. We feel that we have fully discussed this question and it affords no basis for a new trial. The refusal to affirm proponent's point for charge to the effect that the subscribing witnesses were "alleged accomplices" and that corroboration other than their testimony was essential is not error, as the jury was warned to examine this evidence "with caution" and if "unworthy of belief" to disregard it entirely: *Com. v. Haines,* 257 Pa. 289; *Com. v. McCloskey,* 273 Pa. 456. While the rule referred to prevails in the trial of criminal cases, if corroboration here is needed, it is afforded by other evidence in the case. It is unnecessary to discuss the motion for judgment non obstante veredicto on the second issue as to testamentary capacity. Since our conclusion is not to disturb the verdict of the jury upon the first issue, it operates to invalidate the will, and set aside the decree of probate.

The action of the court below dismissing the motions for new trial and for judgment non obstante veredicto is sustained and all assignments of error are overruled.

The decree is affirmed at the cost of appellant.