## Szmahl's Estate.

Argued April 12, 1939.   Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN and STERN, JJ.

*Andrew Hourigan,* with him *Leon Schwartz,* for appellant.

*Jacob S. Russin,* for appellees.

OPINION BY MR. JUSTICE STERN, May 15, 1939:

The alleged will of John Szmahl having been probated, an appeal was taken to the orphans' court on the ground that the signature was forged. Contestants petitioned for a trial by jury to determine whether decedent affixed his signature to the document and whether the writing was the last will of decedent. An answer was filed by proponents and the case came on for hearing before the orphans' court. Proponents offered in evidence the probate of the will. This was objected to, but the objection was overruled. Proponents then rested. Contestants, without offering any evidence, also rested, it being their contention that proponents had

not established the validity of the will. The court dismissed the petition of contestants, and from that order they now appeal.

Curiously enough, although Chief Justice GIBSON, more than a century ago, referring to the question here involved, said, in *Sholly v. Diller,* 2 Rawle 177, 179: "I know of no question more unimportant in its consequences than this," this is the third time within recent years that we have been called upon to consider this question of procedure. While apparently there has always been some lack of uniformity in the courts of first instance throughout the Commonwealth, this court, in early cases, approved the practice of allowing proponents to offer the probate as prima facie evidence in appeal proceedings in the orphans' court: *Sholly v. Diller,* supra; *Davies v. Morris,* 17 Pa. 205; see also *Whitaker's Estate,* 10 W. N. C. 139. By the Orphans' Court Act of June 7, 1917, P. L. 363, section 20(e) 1, it was provided that "On appeal from the decision of any register of wills, . . . the orphans' court shall hear the testimony de novo, unless all parties appearing in the proceeding shall agree that the case shall be heard on the testimony taken before such register: Provided, That, in all cases, the court shall have power to require the production before it, for examination, of the witnesses already examined, or of any other witnesses." Notwithstanding this enactment it was held in *Keen's Estate,* 299 Pa. 430, 440, that, on appeal from the register's order probating a will, it is sufficient for the proponents in the first instance to offer the register's record of probate, and thereupon the burden of proof shifts to the contestants. The court cited with approval the following excerpt from the opinion of Judge PENROSE in *Whitaker's Estate,* 10 W. N. C. 139: "Until a prima facie case against the will has been made out by the contestant, they [the proponents] may rest upon the proof before the register, whose decree admitting the will to probate stands until duly reversed." The

same question arose again in *Plotts' Estate*, 335 Pa. 81, —this time in connection with the trial of an issue d. v. n. There the trial judge refused to receive the record of probate of the register as prima facie evidence of the execution of the will. The verdict was for the contestants, and the decree entered thereon was affirmed by this court, but it was pointed out in the opinion of Mr. Justice BARNES that "The weight of authority both in this state and in other jurisdictions [is] that the burden of proof in both cases [the initial hearing in the orphans' court concerning the award of an issue, and also the trial of the issue if granted] is satisfied by the introduction in evidence of the probate record, and the contestants must then offer proof to overcome the prima facie case thereby established. . . . While it is true generally that the burden rests upon the proponent at all times to sustain the will, yet in the first instance he meets that burden by offering in evidence the record of probate." The decree of the lower court was affirmed only because proponent, instead of standing his ground after the ruling of the trial judge, proceeded to call the subscribing witnesses in an attempt to prove the execution of the will, thereby waiving insistence upon the point which he had raised and eliminating it as a question of importance.

We see no reason for repudiating the views expressed in *Keen's Estate* and in *Plotts' Estate*. A hearing de novo, as provided by the Act of 1917, means that the orphans' court shall not arrive at a decision on the basis of the testimony offered before the register, but shall hear afresh all evidence that either party may desire to present, the burden of proof resting throughout upon the proponent to establish the due execution of the will. The purpose of allowing the probate of the will to be placed in evidence is merely to establish a prima facie status, and affects only the order of proof. Such practice is justified by the fact that "a register is a judge,

and the admission of a will to probate is a judicial act": *Sebik's Estate*, 300 Pa. 45, 47; *West v. Young*, 332 Pa. 248, 251. The acceptance in evidence of the probate merely shifts to contestants temporarily the duty to come forward with evidence, but the proceeding remains at all times a hearing de novo. It is not uncommon in legal procedure for an ultimate burden of proof to rest upon one party throughout, but for the burden of coming forward with evidence to pass back and forth from one side to the other. If no testimony is offered other than the probate of the will itself, the legal result obviously should be, as the court below decided in the present case, that the probate is not impeached and must be accepted as conclusive, just as if there had been no appeal. The Act of 1917 was obviously intended to apply only to instances where the matter is disputed on appeal and testimony is offered, and in such cases the decision must be based solely upon the testimony presented, and no evidential weight is to be given to the fact that the will was admitted to probate by the register. Placing the probate in evidence does not work hardship upon the contestant, since he can call and examine and cross-examine the subscribing witnesses with the same freedom as is permitted to the proponent, and without being bound by their testimony. Subscribing witnesses are not regarded as ordinary witnesses, but rather as witnesses of the court: *Bowman v. Bowman,* 2 M. & Rob. 501; *Bootle v. Blundell*, 19 Ves. Jun. 494, 500, 502; *Whitaker's Estate*, 10 W. N. C. 139, 140. It was no doubt for this reason that Chief Justice GIBSON considered the entire question as "unimportant."

We hold, therefore, that the proponent may stand upon a decree of probate as sufficient to sustain the will unless testimony is produced by either party or at the instance of the court, but if such testimony *is* produced the probate is not to be accorded any evidential value, except by agreement of the parties. In the present case,

no testimony whatever having been offered, the probate stands as a binding judicial decision in rem.

The order of the court below is affirmed, at the cost of appellant.