## Zolyan's Estate. No. 2

Before Van Dusen, P. J., Stearne, Sinkler, Klein, Bolger, and Ladner, JJ.

*Joseph Singer*, for proponent.

*Rawle & Henderson*, for contestant.

LADNER, J., November 13, 1942.—Sur jury trial of an issue devisavit vel non. The issue was whether or not the signature to a certain paper writing, dated December 20, 1934 (probated as the last will of decedent, Abraham Zolyan), was a forgery. The jury found it was not a forgery, thus in effect rendering a verdict for plaintiff (proponent). Defendant (contestant) moved for a new trial and assigned nine reasons therefor.

The first three are the stereotyped reasons that the verdict was against the evidence, the weight of the evidence, and against the law. The learned judge (Bolger, J.) who presided at the trial approves the verdict. As he heard and saw the witnesses, he is in better position to judge the credibility to be accorded them than we are from the cold record. In order to grant a new trial upon the ground that it is against the weight of the evidence,

Judge Endlich pointed out in Rauenzahn v. Gery, 2 Berks L. J. 144, 145, that ". . . the preponderance of the evidence must be clear and decisive: Ludlow v. Ins. Co., 2 S. & R. 119, 134—so clear and convincing that it leaves no reasonable excuse for doubt in an intelligent and disinterested mind . . ."; and see Drumheiser v. Stegman, 29 Dist. R. 525. There is no such preponderance of evidence here and we will not therefore overrule the trial judge's views in this regard. Nor can the verdict be said to have been against the law. The issue was one of fact for the jury and was correctly submitted in accordance with the established practice of jury trials in this court: Plotts' Estate, 335 Pa. 81; Szmahl's Estate, 335 Pa. 89. We find no merit in the first three reasons.

The fourth reason charges error in admitting in evidence the record of proceedings in the Court of Common Pleas No. 5 of Philadelphia County, by which contestant was appointed guardian of decedent's feebleminded son, which showed a delay of some fifteen months intervening between the dates of the decree of appointment and the qualification by the guardian. This record was objected to as irrelevant and immaterial. Proponent's purpose in offering this evidence was to show that the delay which occurred between the date of the probate (June 19, 1939) and the trial (during which interval the subscribing witness to the will, who testified before the register, disappeared and could not be found) was not the widow's fault. We do not regard the ruling of the trial judge as harmful to contestant. Even if the admission of the record was error (and we are not prepared to say it was), the record in any event was clearly admissible for the purpose of establishing contestant's right to represent decedent's son. A reviewing court will not reverse for errors in the admission or rejection of evidence which could not have affected the result of the trial and which did not harm the party complaining: Henry, Pennsylvania Trial Evidence (3rd ed.) §417, and cases there cited.

We find no merit in the fifth or sixth reasons which charge respectively error in sustaining the objection to contestant's offer of proof to show that proponent's attorney was paid a fee of $2,500 at the time of the probate of the will, and error in refusing to permit cross-examination of proponent as to this fee. Disposing of the latter reason first, the record shows that, upon objection, the court inquired of contestant's counsel the purpose in so cross-examining and received the reply that it was to test the credibility of the witness. It is well settled that the range of such cross-examination rests largely in the discretion of the trial judge and, except in unusual circumstances not here present, his rulings will not be disturbed: Kaplan et al. v. Loev, 327 Pa. 465; Lesley v. Ewing, 244 Pa. 480.

As far as the fifth reason is concerned, which charges error in refusing to receive direct evidence of the fee paid, this offer of proof was made as surrebuttal, which it clearly was not. Evidence offered in surrebuttal, not in answer to new matter brought out by plaintiff in rebuttal, is largely within the discretion of the trial judge, and it has been held even though it would not have been error to admit evidence excluded, since the order of proof is within the sound discretion of the trial judge, the exclusion will not be deemed error by the reviewing court: Schuck v. West Side Belt Railroad Co., 283 Pa. 152.

The complaint embraced by the seventh reason is that the learned trial judge erred in that part of his charge to the jury where he instructed that the delay of contestant in qualifying as guardian of Nathan Zolyan might be considered along with the other evidence on the question whether the delay was prejudicial in that it lessened the opportunity of producing the subscribing witness, Archie Stone. We have read what the learned trial judge said in his charge, to which specific reference is made in contestant's brief, as well as his supplemental remarks upon the conclusion of his charge

at request of counsel. His remarks were a fair comment on the evidence, did not invade the province of the jury, and are therefore without error.

The eighth reason complains of the length of cross-examination by the trial judge of the witnesses Melcher, McCool, Mamolen, and contestant. We feel that when counsel assigns an error such as this it is his duty to point out the particular parts of the cross-examination thought to be prejudicial. We have, however, carefully read the judge's cross-examination of Mamolen, who was proponent's principal witness, the contestant, and the two handwriting experts. We think the trial judge did not at all exceed the bounds of propriety. On the contrary, his purpose plainly was to elicit the truth and assist in bringing out the full knowledge of the respective witnesses on the subject matter of their testimony. We see not merit in this reason.

The ninth and final reason urged for a new trial alleges error in that the charge of the learned trial judge was as a whole prejudicial to contestant.

We need not consider this complaint because no general exception was asked to be noted by defendant's (contestant's) counsel. While since the Act of May 11, 1911, P. L. 279, 12 PS §1197, a general exception to the charge is a matter of right, nevertheless counsel must still request that such an exception be noted. And rule 227, promulgated by the Supreme Court on September 8, 1938, now requires this to be done before the jury retires unless specially allowed by the court. Not only must a general exception to a charge be requested to be noted but the reasons must be stated: Sikorski v. Philadelphia & Reading Ry. Co., 260 Pa. 243; Sgier et al. v. Philadelphia & Reading Ry Co., 260 Pa. 343. Since no such general exception was taken we cannot now consider a belated complaint (now made for the first time) that the charge as a whole was prejudicial to contestant: Ward et al. v. Babbitt, Inc., 270 Pa. 370; and this is especially so where the trial judge, as here,

gave counsel an opportunity to suggest corrections or additions: Philadelphia Saving Fund Society v. Bethlehem, 143 Pa. Superior Ct. 449.

The motion for new trial is refused and judgment directed to be entered upon the verdict. In conformity with the practice indicated in Plotts' Estate, 33 D. & C. 490, 499, we, having approved the verdict, now enter the following

### Decree

And now, November 13, 1942, the appeal from the decree of the register admitting to probate a certain writing dated December 20, 1934, as the last will and testament of Abraham Zolyan, deceased, is dismissed and the record of probate remitted to the register.