## Beerhalter's Estate

Before Van Dusen, P. J., Sinkler, Klein, Ladner, and Hunter, JJ.

*Arthur S. Minster* and *I. Emanuel Sauder,* for plaintiff.

*Raymond M. Remick* of *Saul, Ewing, Remick & Harrison,* and *C. Wilson Roberts,* for defendants.

LADNER, J., March 15, 1943.—Application to the orphans' court to assign a judge and fix a date for a jury trial of the issue sent by precept of the register of wills to this court.

The Act of August 5, 1941, P. L. 821, 20 PS §1961, amends section 17 of the Register of Wills Act of June 7, 1917, P. L. 415, by authorizing the register in awarding an issue d. v. n. to issue precepts either to the court of common pleas or the orphans' court of the respective counties. The act contains the further provision that when the precept is issued to the orphans' court the issue shall be tried therein by a jury, and the practice and procedure shall be the same as in cases where an issue is awarded by an orphans' court for trials in said court, and the result of the trial shall be certified to the register.

This being the first precept sent by the register to this court for trial, questions as to the proper practice

arise which we think important for the profession to have determined.

1. The precept contains the mandate that we "cause all other persons who may be interested in the estate of Ella L. Beerhalter as heirs, relations, or next of kin, devisees, legatees or executors to be warned so that they may come into our said court and become party to said action, if they shall see cause." This gives rise to the question, how shall this mandate be carried out?

The purpose is made plain in Miller's Estate, 166 Pa. 97 (see also same case, 159 Pa. 562), where it is said that if an issue goes to trial and a verdict is taken it is not binding on such persons who have not had notice, who will be allowed another appeal if the time for doing so has not elapsed. The same case rules that after the precept is filed it is the duty of the court trying the issue to call in or warn omitted parties.

While section 17 of the Register of Wills Act of 1917, prescribing the form of precept, does not specify how the omitted parties in interest "shall be warned" we think it should be by citation upon petition filed, paralleling somewhat our practice under Orphans' Court Rule 5 (c), relating to appeals from decrees of probate. Until such citation is issued and served, the proceeding must be regarded as not being in shape for trial. At the conclusion of this opinion we will indicate what a suitable petition should contain.

2. The second question suggested by the record is: How shall the issue be framed? The practice now prevailing in the common pleas court is to frame the issue either by stipulation filed or by rule to show cause: Clemens' Estate, 19 Dist. R. 357. This is substantially the practice prevailing in this court when an issue awarded by one of our judges on appeal from probate is directed to be tried in this court under the Act of July 1, 1937, P. L. 2665: Plotts' Estate, 33 D. & C. 490. Formal pleadings presenting a feigned issue have long since disappeared and are no longer regarded as essen-

tial: Keyser's Estate, 329 Pa. 514, 523. So, where all possible parties in interest are of record, a simple stipulation of counsel, framing the issue or issues in the language of the precept, and designating who shall be plaintiff and defendant, will suffice. If all possible parties are not of record or where there is a disagreement, a petition for citation to show cause why the issues should not be framed in the manner and form annexed thereto will be the proper practice. It will be good practice to include the suggested framing of issues as part of the petition for citation to warn parties not of record.

It should be remembered the trial must be confined to the issues awarded in the precept and the tribunal awarding the issues determines who shall be plaintiff and who shall be defendant: I Hunter's Commonplace Book, 203; Sheets v. Whitaker, 13 Phila. 29. But the immemorial practice in this county is to make the person offering the will for probate (usually the executor) plaintiff in the issue, and parties opposing, defendants: Carter's Estate, 2 Dist. R. 578 (Penrose, J.); but see Yardley v. Cuthbertson, 108 Pa. 395. However, as the subscribing witnesses are now considered the court's witnesses, and as such may be freely cross-examined by either party, and as the burden of proof is likely to shift during the course of the trial, the styling of the respective parties "plaintiff" or "defendant" is likely to be a matter of little moment: Plotts' Estate, 335 Pa. 81; Szmahl's Estate, 335 Pa. 89.

3. The last question is whether the parties must await the expiration of the appeal limit set in section 21(a) of the Register of Wills Act of 1917, before having the trial day fixed.

In Griffiths' Estate, 276 Pa. 277, it was held this right of appeal to our court includes the right to appeal from the action of the register awarding an issue d. v. n. granted under section 17, and when such an appeal is taken before actual trial it will operate to

supersede the precept. In order to expedite matters, we see no reason why the case should not be fixed for trial without awaiting the expiration of the appeal limitation: Clemens' Estate, supra. Therefore the petition filed for citation to warn other parties may include a prayer, and the citation allowed thereon an order, to show cause why the date of trial should not be fixed. The service of such a citation will make it the duty of any party contemplating an appeal so to inform the court by answer. If no appeal is contemplated, we will assign a judge to fix a date for trial at once. If the answer is otherwise, then we will enter a decree, if circumstances warrant, requiring the appeal to be taken within the six-month period which the proviso of section 21(a) of the Register of Wills Act permits us to fix.

It is our opinion that all three matters herein mentioned should be embraced in one petition which may be drawn substantially as follows:

The petition, after the requisite jurisdictional averments, should recite the award of the precept (copy to be annexed); the names and addresses of all parties in interest and whether they are already of record or not. It should also be averred that no appeal has so far been taken from the action of the register and that an early trial of the issues awarded is desired. The petition should state whether the parties of record have agreed on a proposed framing of issues. If so, it should be annexed. If not, a proposed form of issues, which the court is asked to approve, should be annexed. The petition should conclude with the prayer and the citation should recite the decree in substantially the following form:

Wherefore, your petitioner prays your Honorable Court to award a citation directed

(1) To such parties in interest as are not of record informing them of the pendency of these proceedings, of the filing of the precept, advising them of their privi-

lege to become a party thereto and warning them that, whether they do or not, they will be bound by the result of the trial.

(2) As to all parties to show cause

(a) Why the issue should not be framed in the manner and form of copy annexed to the petition (unless the issues are agreed upon by stipulation);

(b) Why the court should not assign a trial judge and fix the                    day of                    , 194 , as the date for trial of said issue, or such later date as the judge assigned to try the same shall deem proper.

That leave be given to serve nonresidents of the State by registered mail, return receipt requested.

Leave is granted to the applicant to file a formal petition in conformity to the practice herein indicated.