## Butzer Estate

Before Boyle, P. J., Cox and Adams, JJ.

*Charles A. Fagan*, for petitioner.

*William J. Kenney* and *Thomas W. Neely, Jr.*, for respondent.

Cox, J., for court en banc, July 21, 1951. — The matter before the court is the disposition of preliminary objections filed by appellant in a will contest to an answer filed by proponents to appellant's petition sur appeal.

George Butzer (otherwise known as Gottlieb Butzer), a resident of Sewickley Heights Township, Allegheny County, Pa., died on February 27, 1950. A paper alleged to be the last will and testament of George Butzer was admitted to probate by decree of the Register of Wills of Allegheny County, dated March 11, 1950, and letters testamentary were issued to William G. Seybold, brother-in-law of decedent, and sole legatee under the terms of the will.

On January 12, 1951, Frederick Otto Henzi, Swiss counsular agent, whose exequatur is filed in the office of the Register of Wills of Allegheny County as attorney-in-fact for Lina Butzer and Edward Butzer, citizens and residents of Switzerland, alleged to be heirs-at-law of decedent, filed on their behalf an appeal from the probate of the alleged will. On February 26, 1951, a petition for citation sur appeal was filed, an answer thereto was filed on April 9, 1951, and preliminary objections to the answer were filed by petitioner on April 23, 1951. These pleadings conform to the rules and practice of this court.

Petitioner contends that the register's record does not support his decree admitting the alleged will to probate as the last will and testament of George Butzer in that the proof of its execution by decedent, contained therein, does not meet the requirements of the Wills Act of April 24, 1947, P. L. 89, relating to the execution of wills; that the matter before the court, being the disposition of petitioner's preliminary objections to proponent's answer is defective and insufficient in its entirety in that it admits every averment in the petition, either expressly or by insufficient denial, and the court is required to make its determination of the appeal on the basis of the testimony contained in the register's record and is not permitted to take into consideration facts averred in proponent's answer which do not appear in the register's record; and that, the

register's record disclosing on its face the invalidity of his decree, the court is required to sustain petitioner's appeal therefrom, and is not required nor permitted to hear the testimony de novo.

The only evidence or testimony contained in the register's record relating to the execution of the alleged writing by George Butzer consists of three questionnaire forms provided by the register, containing the answers of four witnesses to the questions printed thereon, sworn to and subscribed by the witnesses before a register's probate clerk. Two of these affidavits were made by witnesses whose names were signed as "witnesses to mark" on the alleged will to the left of the alleged mark of decedent. Both affidavits state that decedent's name, which was typed above the word "Mark" and below the word "His", was not typed in decedent's presence. One of the deponents typed decedent's name. This testimony proves the failure of decedent to execute the alleged will by mark, the Wills Act of 1947 requiring that a testator's name must be subscribed in his presence when a will is executed by mark.

The other affidavit is made by two witnesses whose names are signed on the lines provided at the end of the attestation clause for subscribing witnesses to the signing of the will by testator himself. This affidavit states that the witnesses did not see decedent sign the alleged will. There is no evidence in the register's record, therefore, which would prove the signing of the alleged will by decedent himself.

These affidavits, although offered to prove the valid execution of the alleged will of George Butzer, prove that he failed to execute the alleged will by either mark or signature, in accordance with the requirements of the Wills Act of 1947. They being the only proof of execution of the alleged will contained in the register's record, the averment by petitioner in paragraph 12 of his petition sur appeal, "The record of said probate

proceedings is devoid of the facts and proof required by the Wills Act of 1947 for the validation of wills", is unquestionably a correct statement of both fact and law.

If, therefore, petitioner's contention is correct, that the court is required to determine this appeal solely on the basis of the proof of execution of the alleged will contained in the register's record, and is not permitted to take into consideration facts averred by proponent in his answer to paragraph 12 of the petition, which are not contained in the register's record, and the court is not permitted nor required to hear the testimony de novo, we must sustain petitioner's appeal from the register's decree and set aside the probate of the alleged will of George Butzer.

We do not agree that either part of this contention is a correct statement of the law regulating the procedure to be followed by this court on an appeal from a decree of the register of wills admitting to probate a writing as the last will and testament of a decedent.

Although the decree admitting this writing to probate as the last will and testament of George Butzer is a judicial decree, the register's court is not a court of record and he is not required by the law to transcribe the testimony of witnesses offered at a hearing before him at which a writing is presented for probate as a last will and testament of a decedent. The fact that the register's record in this case contained only the testimony of the four witnesses in affidavit form, the quality of which we have evaluated, does not prove that other testimony was not offered and considered by the register in making his decree, nor conclude the proponent from asserting that testimony not transcribed and made a part of the register's record was offered at the probate hearing.

Proponent in this case has asserted that testimony not transcribed in the register's record was offered at

the probate hearing. This assertion is made in proponent's answer to paragraph 12 of the petition sur appeal, wherein he avers:

"12. The averments of paragraph 12 of the petition for appeal constitute a conclusion of law and need no denial. It is averred, however, that in answer thereto the will in question was executed in accordance with the requirements of the Wills Act of 1947 and the following facts are submitted in support thereof, which the proponents attempted to prove at the time of probate and further expect to be able to prove.

"(a) That the said Gottlieb Butzer was also known as George Butzer.

"(b) That the said Gottlieb Butzer, also known as George Butzer, did in the presence of William E. Gray, Thomas W. Neely, William G. Seybold, and one other party, acknowledge the will to be his last will and testament and that he had previously signed the same and he did further sign, publish and declare the instrument probated in this case to be his last will and testament on February 27, 1950.

"(c) That in addition to having signed the said will in the presence of the persons named in paragraph (b) hereof the said Gottlieb Butzer, otherwise known as George Butzer, did further make his mark on the said instrument in the presence of said witnesses."

This court cannot ignore this averment and, on the basis of testimony contained in the register's record alone, sustains an appeal from his decree.

Although we have reached this conclusion solely on the basis of an analysis of the nature of the register's court and the conclusiveness which is to be given to his record, the positive provisions of the law require us to hear the testimony de novo, the Act of June 7, 1917, P. L. 363, sec. 20(e)1, 20 PS §2561, providing as follows:

"On appeal from the decision of any register of wills, or in proceedings removed from any register of wills by certification, the orphans' court shall hear the testimony de novo, unless all parties appearing in the proceeding shall agree that the case shall be heard on the testimony taken before such register: Provided, That in all cases, the court shall have power to require the production before it, for examination, of the witnesses already examined, or of any other witnesses."

Any doubt as to the proper interpretation to be given to this act is resolved by Szmahl's Estate, 335 Pa. 89, 92, wherein Mr. Justice Stern, speaking for the court, said:

"We see no reason for repudiating the views expressed in Keen's Estate and in Plotts' Estate. A hearing de novo, as provided by the Act of 1917, means that the Orphans' Court shall not arrive at a decision on the basis of the testimony offered before the register, but shall hear afresh all evidence that either party may desire to present, the burden of proof resting throughout upon the proponent to establish the due execution of the will."

It may be that at the hearing on this appeal, as in Cohen Will, 356 Pa. 161, 51 A. (2d) 704, the deficiency in the register's record may be corrected by competent proof that the alleged will of George Butzer was executed in accordance with the provisions of the Wills Act.

The remaining matter to be disposed of is the objection of petitioner to the sufficiency of proponent's answer to paragraphs 4 and 5 of the petition sur appeal.

The averments in paragraphs 4 and 5 of the petition sur appeal relate to the relationship, residence, and citizenship of petitioners, as well as others, as heirs-at-law of decedent. The proof of these averments, insofar as they relate to the relationship of petition-

ers to decedent, is essential to the right of petitioners to institute this appeal, and on demand of proof by respondent must be proved preliminarily. Persons who claim a consanguineous relationship to another ordinarily have superior means of proof not possessed by persons not so related.

Proponent in his answer to paragraph 4 narrates the extent of his information and the manner in which it was secured, and, although he does not deny the asserted relationship, demands proof thereof. In his answer to paragraph 5 he does not deny the averments which relate only to citizenship and residence of the persons asserted in paragraph 4 to be heirs-at-law of decedent, but demands proof.

Although technically paragraphs 4 and 5 of the answer do not correspond to the best practice in pleading, the same technical criticism may be made of paragraphs 4, 5, and 12 of the petition sur appeal.

Proponent having demanded proof of the relationship of petitioners and others asserted to be the heirs-at-law of decedent, and having stated the extent of his inquiry, and a superior means of proof thereof being possessed by petitioners, we deem the answers to paragraphs 4 and 5 of the petition to be sufficient.

For the reasons stated herein, the preliminary objections to proponent's answer to the averments contained in the petition sur appeal will be dismissed by an appropriate order, and testimony relating to the validity of the paper probated as the last will and testament of George Butzer (otherwise known as Gottlieb Butzer) will be heard de novo.

### Order of Court

And now, to wit, July 21, 1951, upon consideration of the foregoing case, for the reasons set forth in the foregoing opinion, it is ordered and decreed that the preliminary objections filed April 23, 1951, by Fred-

eric Otto Henzi, attorney-in-fact for Lina Butzer and Edward Butzer, to the answer of William G. Seybold, individually and as executor of the estate of George (otherwise known as Gottlieb) Butzer, deceased, filed April 9, 1951, be dismissed, and that testimony relating to the validity of the paper probated as the last will and testament of George (otherwise known as Gottlieb) Butzer be presented to this court de novo on a day to be fixed for hearing agreeable to all counsel of record.