## Rath Estate

*James R. Caiola*, for petitioner.

TAXIS, P. J., December 10, 1956.—Catharine Rath and Gertrude Torok filed their "Petition for Citation for Appeal of Probate of Will," and aver that Joseph F. Rath, their father, died October 27, 1956, a resident of the borough of Conshohocken, leaving to survive him the two petitioners.

Petitioners aver that on October 31, 1956, the Register of Wills of Montgomery County granted letters of administration c. t. a. to Marie Smith, after admitting to probate a last will and testament dated October 3, 1950, that no contest proceedings were instituted before the register of wills.

Petitioners then aver that the will was the result of undue influence and that decedent lacked testamentary capacity. The prayer of the petition asks the court "to award a Citation directed to Marie Smith, the Administratrix C. T. A. and sole beneficiary under the Will that an Appeal be allowed from the probate by the Register of Wills and the Register of Wills *be requested* to certify the record and issue to the Orphans' Court after a bond has been filed by the petitioners in an amount to be fixed by the Register of Wills." (Italics supplied.)

Petitioners do not set forth any statutory authority for their prayer but unquestionably section 207 of the Register of Wills Act of June 28, 1951, P. L. 638, is the basis for the petition.

Section 207 provides in part: "Whenever a caveat shall be filed or a dispute shall arise before the register concerning the probate of a will, the grant of letters *or the performance of any other function by the register,* he may certify, *or the court upon petition of any party in interest may direct* the register at any stage of the proceedings to certify, the entire record to the court, which shall proceed to a determination of the issue in dispute . . ." (Italics supplied.)

The comments of the Joint State Government Commission to section 207 provide that this section includes "the substance of sections 18 and 19 of the 1917 Act, combined into a single abbreviated section as a matter of style." It would appear, therefore, that section 207 of the Register of Wills Act of 1951 does not in fact

change the provisions of sections 18 and 19 of the 1917 Act.

In the present case in decreeing probate, the register of wills acted as a judge; the admission of the will to probate was a judicial act: Sebik's Estate, 300 Pa. 45, 47; Szmahl's Estate, 335 Pa. 89, 92, 93. By the decree of probate the register has fully performed his judicial function; there is therefore no "dispute" before him "concerning the probate of a will," nor any dispute concerning "the performance of any other function by the register." Where, as here, a decree of probate has been entered by the register, section 207 has no application. In such circumstances, the proper procedure to attack the validity of the will and its probate is by appeal pursuant to section 208 of the Register of Wills Act of 1951.

And now, December 10, 1956, the petition is dismissed without prejudice.