## Jack Estate

410

*Luther C. Braham* and *Carmen V. Marinaro*, for proponent.

*Leo C. McCandless*, for contestant.

SHUMAKER, P. J., March 10, 1958.— This matter is before the court on a motion by contestant to designate the parties in order to expedite the procedure in determining the framed issue.

Under date of January 18, 1957, this court handed down an opinion and order of court awarding an issue devisavit vel non in this case and by the order framed the issues to be submitted to a traverse jury.

The controversy arose when an instrument, testamentary in character, was offered for probate to the Register of Wills of Butler County as the last will and testament of Mary J. Jack, deceased.

The register of wills probated said instrument although the second clause of the same showed on its face that a bequest of $1,000 had been deleted from the paragraph, being XXXXX'd out, as we commonly understand it, and it is apparent further that other words were added to the paragraph, reducing a fee interest to a life estate.

An appeal was then taken to this orphans court of this county from the action of the register of wills in receiving for probate said instrument and it was on said appeal that the issue was framed and the case was certified from orphans court over to the court of common pleas for jury trial.

The motion now before the court is to designate the parties litigant, they being daughters of Mary J. Jack, testatrix, plaintiff and defendant.

The matter was heard by the court in oral argument and briefs have been submitted in behalf of said daughters namely, Ida M. Love and Florence M. Jack.

At a conference in chambers with counsel for the parties it was urged by the court that the dispute between the sole heirs and beneficiaries of decedent be settled by compromise and counsel has endeavored to affect such settlement; pending the same, the court did not dispose of this motion.

Being now advised that counsel for the parties can not affect a settlement, this court proceeds to dispose of this matter.

The matter of designation of the parties in this case is not a trivial concern, much as it might seem to be of little or no importance whether one party is called plaintiff or defendant. The decision of the court here is of great import since, as it has been pointed out to the court at previous hearings, neither party can explain just how, when and by whom the apparent alteration in clause 2 of the will was made.

This opinion therefore goes to the matter of burden of proof and the question on whom is it placed initially when the matter is presented in trial to a jury.

If the burden is on proponent to explain the alteration and account for it, then contestant may sit quietly by and if proponent fails to meet such burden, then the

advantage goes to contestant. On the other hand, if the burden as to the alteration is on contestant, then proponent need merely offer the will and the record of probate and rest, thus having made out a prima facie case. She may then rest on her "oars" while the struggle becomes that of contestant.

The court which awards the issue determines who shall be plaintiff and who is defendant: Pennsylvania Orphans' Court Commonplace Book, Vol. 1, Hunter, p. 203; Dotts v. Fetzer 9 Pa. 88; Palmer's Estate, 132 Pa. 297.

In Palmer's Estate, cited supra, a per curiam opinion held that the question whether, in an issue devisavit vel non, proponents of the will shall be made plaintiffs or defendants, is within the discretion of the orphans court, and the exercise of such discretion is not reviewable on appeal to the Supreme Court.

In Ash Will, 351 Pa. 317, the general rule in Pennsylvania is set forth as follows: "When the proponent establishes a prima facie case by proof of the record of probate, the burden is upon the contestant to come forward with evidence to destroy the Will".

In Szmahl's Estate, 335 Pa. 89, proponent offered in evidence the probate of the will and then rested. Contestants, without offering any evidence, also rested, it being their contention that proponent had not established the validity of the will. The lower court dismissed the petition of contestants. In the opinion of the Supreme Court, Mr. Justice Stern stated:

"We hold, therefore, that the proponent may stand upon a decree of probate as sufficient to sustain the will unless testimony is produced by either party or at the instance of the court, but if such testimony is produced the probate is not to be accorded any evidential value, except by agreement of the parties. In the present case,

no testimony whatever having been offered, the probate stands as a binding judicial decision in rem."

In Geho's Estate, 340 Pa. 412, 415, it is held:

"Proof of the fact of the probate of a will does not upon an appeal from the probate have any *evidential* value, except as stated in Szmahl's Est. (supra), but it does have *procedural* value, for it raises a presumption of the will's validity and this presumption becomes a challenge for *proof* addressed to the challenger of the will. We said in *Watkins v. Prudential Ins. Co.*, 315 Pa. 497, 173 A. 644: 'Presumptions are not evidence [p. 500] . . . They are not fact suppliers; they are guideposts indicating whence proof must come [p. 504].'"

In Keen's Estate, 299 Pa. 430, it was held:

"In a will contest, its is sufficient for the proponents in the first instance to offer the register's record of probate including the will; thereupon the burden of proof shifts to the contestants."

In Plott's Estate, 335 Pa. 81, it was held:

"In the trial of an issue devisavit vel non before a jury in the orphans' court, as well as in appeals from probate to the orphans' court, the proponent's burden of proving a prima facie case is satisfied by the introduction in evidence of the probate record, and the contestant must then offer proof to overcome the prima facie case thereby established."

Counsel for contestant relies upon the case of Poelcher v. Zink, 375 Pa. 539, which deals with the burden of proof where there was an alteration in a negotiable instrument. We do not consider this case therefore helpful in our present situation nor are the cases cited therein helpful in reaching the opinion in this case.

The witnesses on the Mary J. Jack will were W. B. Purvis and G. C. Lowry. It is here to be noted that W. B. Purvis was a practicing attorney in this court for

many years, and immediately prior to his retirement, presided for 10 years as the president judge of this court. G. C. Lowry, now deceased, was a lifelong banker in the city of Butler. When the will was probated these gentlemen joined in an affidavit as subscribing witnesses, which affidavit in part reads as follows:

". . . who, being duly sworn according to law, did say that they were present and did see and hear Mary J. Jack deceased, the testatrix therein named, sign seal, public, pronounce and declare the above and foregoing instrument of writing as and for her last will and testament . . ."

The register of wills then admitted the will for probate. It is here to be noted that the alterations, the basis of this litigation, were on the instrument at the time this affidavit was made and the will probated.

It would therefore appear to the court, in spite of the fact that the case is before the court de novo, plaintiff offering the will for record of probate by proponent will make out a prima facie case, taking into consideration the presumption of the validity of the will existing, and that thereafter the burden of proof shifts to contestant whose duty it is then to go forward with evidence to destroy the will or its validity.

Having therefore the burden of proof, it seems only fair that contestant be named the party-plaintiff, and the proponent named the party-defendant.

Hence this order:

*Order*

And now, March 11, 1958, contestant is named plaintiff in the issue framed to be submitted to a jury and proponent is hereby named defendant.