## Skelton Estate

Before Klein, P.J., Bolger, Lefever, Saylor and Shoyer, JJ.

*H. P. Abramson*, for preliminary objections.

*John J. Foff*, contra.

KLEIN, P. J., April 29, 1960.—Ethel D. Skelton, testatrix, died November 19, 1955. Litigation which was instituted to challenge the validity of a codicil to her will, admitted to probate by the register of wills, has not yet been concluded.

On March 4, 1960, a petition was filed by Mr. Abrahamson, counsel for Marian E. Dorwart, upon which a citation was issued to show cause why the appeal should not be dismissed for failure to prosecute it with diligence. A responsive answer was filed, whereupon, on March 31, 1960, preliminary objections

were filed, and these are now before us. In spite of the pendency of preliminary objections, we granted a citation, on March 31, 1960, to show cause why the issues should not be submitted to a jury. Ordinarily, we would not have issued this citation until the proceedings with respect to the request for dismissal of the appeal were concluded. We allowed the citation in this case, however, because of the grave procedural questions raised in the petition.

We deplore the unwarranted delay in this case. It is wholly inexcusable. However, we cannot agree with Mr. Abrahamson that the entire responsibility for the delay must be placed at the door of Mr. Foff, or his clients, contestants.

Although it is evident, from a study of the entire record in this case, that Mr. Foff is not free from blame, we are also satisfied that the former register of wills and the other parties to this litigation contributed to its protraction. Everyone seems to have acted in a leisurely, cavalier manner, as if time were not only not of the essence but not even of any importance.

In Diamandas Estate, 73 D. & C. 334 (1950), we said, at page 336:

"We have often expressed reluctance to dispose of litigation upon preliminary objections, as experience has convinced us that the ends of justice are best served when the parties are given full opportunity to present the complete factual situation to the court: Rodgers' Estate, no. 610 of 1950, O.C. of Philadelphia County (not reported) ; Reichert's Estate, 52 D. & C. 254 (1944) ; Fox Estate, Jan. term, 1922, no. 568, O. C. of Philadelphia County (not reported) ; Kauffman's Estate, no. 2608 of 1949, O. C. of Philadelphia County (not reported)." See also Schmitz Trust, 3 D. & C. 2d 185 (1955) ; Gallagher v. Merry, 366 Pa. 258 (1951).

Now that the delay in this case has been called to the court's attention by the parties, we will make certain that these proceedings are advanced with celerity and brought to a speedy conclusion. Toward this end, the court informed Mr. Foff on March 30, 1960, that unless an account was filed by the executors within 45 days from that date, they would be summarily removed. We have accepted Mr. Foff's assurances that the account is now being prepared and that it will be filed within the allotted period.

One of the most compelling reasons for our decision to hear this case on the merits transcends the differences of the parties to this litigation and strikes at the very root of the practice in will contests before the register *of wills.*

In the petition filed by Mr. Foff in behalf of the executors, challenging the probate of the codicil, we find the following allegations:

### *"THIRD COUNT*

"9. It is alleged that the petitioners have not had a hearing as contemplated by law before the duly qualified Register of Wills on their caveat filed against the probate of the document dated November 7, 1955. It is further alleged that the hearings which were presided over by the person who at that time held the appointed position of Solicitor to the Register of Wills * were not the judicial acts of the Register of Wills in that only the duly qualified Register of Wills has the authority to conduct such hearings.

"10. It is alleged that the admission to probate of the document dated November 7, 1955, based upon the absence of a hearing before the duly qualified Register of Wills was contrary to law and the rights of the Petitioners."

---

* Robert C. Duffy was register of wills at the time of the hearings in question.

These averments are of a most serious nature and cause us great concern. We are aware that some years ago when Robert M. Boyle was solicitor for the register of wills, he usually sat with the register and assisted him in the conduct of hearings in contested cases. This was natural and helpful because Mr. Boyle was regarded as a fixture in the office, having acted for several registers and having served continuously for a great many years. He was generally considered throughout the Commonwealth to be the leading authority in matters pertaining to the office of register of wills.

It had never been brought to the attention of the court, however, that a new practice had developed over the years, whereby the solicitor presided over hearings in will contests, sitting alone, in the absence of the register. Although on appeal or certification to the orphans' court, such contests are heard de novo, nevertheless this practice is clearly illegal and cannot be countenanced by this court.

In Steiger Estate, 16 D. & C. 2d 79 (1958) we said, at page 82:

" ' "A register is a judge, and the admission of a will to probate is a judicial decision, [which] can only be set aside on appeal, and is unimpeachable in any other proceeding," ' ": Sebik's Estate, 300 Pa. 45, 47 (1930). See also Szmahl's Estate, 335 Pa. 89, 92 (1939) ; West v. Young, 332 Pa. 248, 251 (1938). He has jurisdiction of the probate of wills in the county for which he has been elected or appointed: Register of Wills Act of June 28, 1951, P. L. 638, sec. 201, 20 PS §1840.201. This jurisdiction is exclusive. Neither the orphans' court nor any other court can deprive him of this power. All testamentary writings must, in the first instance, be submitted to him for probate." See also Schulz Estate, 392 Pa. 117, 123 (1958).

The duty of the register of wills to exercise his judicial responsibilities by sitting personally in will contests is like the responsibility of an orphans' court judge to sit when the cases reach the court on appeal or by certification. Neither can delegate his judicial obligation to a nonjudicial officer. The lack of authority of a judge to refer a contest involving the validity of a will to a master was discussed at length by our late colleague, Justice Allen M. Stearne, in Quein Will, 361 Pa. 133, 151 (1949):

"A will contest, however, is not a proceeding 'begun' by a petition in the orphans' court. The proceeding comes into the orphans' court *on an appeal from a decree of the register of wills*, or certified to the court by the register. *In absence of a constitutional provision or valid statutory enactment, and there are none, the orphans' court, in a will contest, may not delegate its judicial function to a master to find facts and make appropriate decrees.* No appellate approval of such a practice has been cited and our own research discloses none. The facts in a will contest must be determined either by a judge or a jury in accordance with the various statutes hereinbefore cited relating to contests of wills. Cf. Griffith Will, 358 Pa. 474, 477, 57 A. 2d 893."

We are not unmindful of section 202 of the Register of Wills Act of June 28, 1951, P L. 638, 20 PS §1840. 202, which provides:

"Every register shall appoint a deputy or two deputies who shall have power to perform the duties of the office in his behalf and for whose conduct he and his surety shall be accountable. In case of a vacancy in the office of register, the first deputy shall exercise all the powers of the register until a successor is appointed or elected."

We have serious doubts whether this section authorizes a deputy register to preside over hearings in will

contests. But even if such authority could be inferred, we would frown upon such practice. Since the register of wills is an officer elected by the people, we are all of the opinion that the best interests of the community preclude him from delegating the most important responsibility of his office to a subordinate.

The preliminary objections are therefore dismissed and the case is listed for hearing in Room 436, City Hall, on Monday, May 23, 1960, at 10 a.m.