**Dougherty Estate**

*Edward J. David,* and *Curran, Mylotte, David and Fitzpatrick,* for petitioners.

*Timothy A. Gallogly* and *Donohue and Eichman,* for respondents.

KLEIN, *J.,* August 2, 1979—Joseph P. Dougherty, decedent, executed a formal, lawyer-prepared will on June 9, 1978, in which he gave seven legacies of $500 each to two brothers, two sisters, two nieces and a nephew, and the rest of his estate of about $50,000 to Mary Sandra Brock, a friend and neighbor, Robert T. Bradley, his brother-in-law, and Dorothy, the brother-in-law's wife, and Mary T. Lynch, his deceased wife's cousin. The following day, June 10, 1978, another will was written by Louise McGonigle on two sheets of lined tablet paper. It was allegedly signed by decedent and witnessed by the scrivener and her uncle, Charles P. Dougherty, one of decedent's brothers. The provisions of the will are written on both sides of the first sheet and on one side of the other. The purported signature of decedent, as well as the signatures of the two witnesses, appear on the reverse side of the second sheet. No other writing appears on the page with the signatures. Under this will, Charles P. Dougherty and Thomas Dougherty, decedent's brothers, and Louise Tray and Isabella Dutka, his sisters, each receive one-fourth of the estate and Charles P. Dougherty is named executor.

Decedent died six days later, on June 16, 1978. On June 19, 1978, the June 9 typewritten will was offered for probate and letters testamentary were

issued to Mary T. Lynch. Two days later, on June 21, 1978, the June 10 handwritten will was offered for probate and, apparently through an inadvertence, letters testamentary were issued to Charles P. Dougherty. The Register of Wills, after a hearing, entered a decree on July 19, 1978, in which he:

"ORDERED and DECREED that Letters Testamentary granted unto Mary T. Lynch on June 19, 1978, Will No. 2046 of 1978, are REVOKED, and that Letters Testamentary granted unto Charles P. Dougherty on the said estate on June 21, 1978, Will No. 2067 of 1978, shall remain in full force and effect . . ."

On January 16, 1979, an appeal to this court was taken by Mary T. Lynch, Mary Sandra Brock, Robert T. Bradley and Dorothy Bradley, the residuary beneficiaries, under the June 9 will, from the decision of the Register of Wills:

"(1) admitting to Probate a certain paper writing, dated the 10th day of June, 1078 (sic) as the last will and testament of said Decedent, and granting letters testamentary thereon;

(2) revocation of the Letters Testamentary granted unto Mary T. Lynch, Will No. 2046 of 1978, the granting of Letters Testamentary granted unto Charles P. Dougherty on the said estate on June 21, 1978, Will No. 2067 and the order that said Letters granted to Charles P. Dougherty shall remain in force."

The records of the Register of Wills were duly transmitted to this court. On March 23, 1979, appellants filed a petition for citation sur appeal from register in probating will, as mandated by O.C. Rule *103, upon which a citation was awarded:

". . . directed to Charles P. Dougherty, Thomas Dougherty, Louise Tray, Isabelle Dutka, Susan Dougherty, Thomas Dougherty, Jr. and Margaret Dougherty, to show cause why the appeal of Mary T. Lynch, Mary Sandra Brock, Robert T. Bradley, and Dorothy Bradley from the decree of the Register of Wills admitting to probate a certain writing dated June 9, 1979 (sic), as the Last Will and Testament of Joseph P. Dougherty, Deceased, should not be sustained, the decree set aside, and a jury be impaneled to try the following questions of fact:

1. Whether or not the said writing dated June 10, 1978 is signed at the end thereof.

2. Whether or not the signature appearing at the end of the writing is the signature of the decedent.

3. Whether or not the said writing dated June 10, 1978, is the Last Will and Testament of Joseph P. Dougherty.

4. Whether or not the Will dated June 9, 1978, is the Last Will of Joseph Dougherty and should be admitted to probate.

5. Whether or not the said writing was procured by undue influence, duress and constraint practiced upon the said decedent by Charles P. Dougherty and others acting on his behalf."

Charles P. Dougherty, the executor under the June 10 will, filed preliminary objections to the petition for citation.

• • •

Section III of the preliminary objections is entitled motion to dismiss for lack of subject matter jurisdiction. It reads as follows:

"10. Attached to the Petition is a copy of a writing dated June 9, 1978, purporting to be a will of the decedent and predating the will admitted to probate.

11. The Petition asks that an issue d. v. n. be granted with respect to, inter alia, the following question:

Whether or not the will dated June 9, 1978, is the Last Will of Joseph Dougherty and should be admitted to probate.

12. The Register of Wills has original juridiction of the probate of wills.

13. The Decree of the Register of Wills from which appeal was taken did not determine the validity of the writing dated June 9, 1978.

14. The Orphans' Court is without jurisdiction to determine the validity of the writing dated June 9, 1978."

Objectant maintains that under the Probate, Estates and Fiduciaries Code, 20 Pa.C.S.A. §901, original jurisdiction for probating testamentary writings is vested in the Register of Wills and because the issue of the validity of the June 9 writing has not been certified to the court by the register, and because the register's decision did not pass on the validity of that writing, this court has no jurisdiction to rule on that issue.

It is not disputed that original and exclusive jurisdiction to admit wills to probate in this state is vested in the Register of Wills.

In Skelton Will, 10 Fiduc. Rep. 325, 329 (1960), we repeated what we said in Steiger Will, 9 Fiduc. Rep. 147, 150 (1958):

" " "A register is a judge, and the admission of a will to probate is a judicial decision, which can only be set aside on appeal, and is unimpeachable in any other proceeding . . .": Sebik's Estate, 300 Pa. 45, 47. See also Szmahl's Est., 335 Pa. 89, 92; West v. Young, 332 Pa. 248, 251. He has jurisdiction of the probate of wills in the county for which he has been

elected or appointed: Register of Wills Act of 1951, sec. 201. This jurisdiction is exclusive. Neither the orphans' court nor any other court can deprive him of this power. All testamentary writings must, in the first instance, be submitted to him for probate.'" See also Schulz Estate, 392 Pa. 117, 123, 139 A. 2d 560 (1958).

The case before us is extremely unusual and may be one of first impression. The register, through an inadvertence, admitted to probate both the June 9 will and the June 10 will and granted letters testamentary to Mary T. Lynch on the earlier will and to Charles P. Dougherty on the later one. The Register's decree of July 19, 1978 does two things: it revokes the letters granted unto Mary T. Lynch and directs that the letters issued to Charles P. Dougherty shall remain in full force and effect. The effect of this order is to set aside a will which was duly accepted for probate and letters testamentary granted thereon in favor of a will subsequently received for probate. The appeal from the register's decree encompasses all matters covered by his decree. This includes not only the probate of the June 10 will but also the propriety of the revocation of the letters granted to Mary T. Lynch which effectively revoked the probate of the June 9 will as the last will of the decedent.

Accordingly, the preliminary objections seeking to dismiss the petition for lack of subject matter jurisdiction are dismissed.

Heretofore, the orphans' court was restricted in will contests to passing only upon the validity of the writing which was the specific subject of the appeal from the register's decree of probate. As a result, if

there were two or more questioned writings, appeals could only be heard as to one instrument at a time. The validity of the latest questioned writing would be heard first. If the court decided against the validity of this writing, the record would be remanded to the register so that he could pass on the validity of the next earlier writing, if challenged. An appeal could be filed from his second decree and so on until the validity of all challenged writings was determined. This often resulted in a great waste of time and effort. To correct this situation and in the interest of judicial economy, the legislature amended the law to permit the trial of all challenged writings at one time. 20 Pa.C.S.A. §778 provides in pertinent part:

"Procedure for jury trials.
"(b) Combined hearings and trials.—In any case begun before or certified or appealed to the orphans' court division, the court may, on its own motion or on motion of a party and with reasonable notice to all parties: . . . (2) combine the hearing and trial on all wills, the issues in regard to which are closely interrelated."

It therefore seems clear that today, as the result of this legislation, the hearing judge to whom this matter will be assigned will have the right, in his discretion, to combine the hearing and trial on the June 9 writing and the June 10 writing as they are obviously closely interrelated. If the hearing judge decides to combine the hearing and trial of the two writings, it will be obligatory for him to afford the parties ample opportunity to file pleadings setting forth their respective positions with respect to the validity of the earlier writing.

We will summarize our conclusions:

1. The question "Whether or not the . . . writing dated June 10, 1978, is the Last Will and Testament of Joseph P. Dougherty" is not a proper question to submit to a jury in an issue devisavit vel non.

2. The question "Whether or not the Will dated June 9, 1978, is the Last Will of Joseph Dougherty and should be admitted to probate" is not a proper question to summit to a jury in an issue devisavit vel non.

3. The preliminary objections with regard to whether the location of decedent's signature complies with 20 Pa.C.S.A. §2502 are dismissed.

4. The preliminary objections with respect to the allegation of forgery are sustained.

5. The preliminary objections with respect to the allegation of undue influence, duress and constraint are sustained.

6. The preliminary objections seeking to dismiss the petition for lack of subject matter jurisdiction are dismissed.

Leave is granted to appellants to file an amended petition for citation in accordance with this opinion within 60 days of this date.

## DECREE

And now, August 2, 1979, upon consideration of the preliminary objections to appellants' petition for citation, it is hereby ordered and decreed that:

1. The question "Whether or not the . . . writing dated June 10, 1978, is the Last Will and Testament of Joseph P. Dougherty" is not a proper question to submit to a jury in an issue devisavit vel non.

2. The question "Whether or not the Will dated June 9, 1978, is the Last Will of Joseph Dougherty and should be admitted to probate" is not a proper question to summit to a jury in an issue devisavit vel non.

3. The preliminary objections with regard to whether the location of decedent's signature complies with 20 Pa.C.S.A. §2502 are dismissed.

4. The preliminary objections with respect to the allegation of forgery are sustained.

5. The preliminary objections with respect to the allegation of undue influence, duress and constraint are sustained.

6. The preliminary objections seeking to dismiss the petition for lack of subject matter jurisdiction are dismissed.

Leave is granted to appellants to file an amended petition for citation in accordance with this opinion within 60 days of this date.