## WALTERS v. STATE OF INDIANA.

[No. 22,645.  Filed April 20, 1915.]

1. CRIMINAL LAW. — *Defenses.* — *Insanity.* — *Burden of Proof.* — Where the defense of insanity is properly pleaded, the burden rests upon the State to prove beyond a reasonable doubt that defendant was sane at the time of the commission of the alleged crime, and such burden never shifts.  p. 179.

2. CRIMINAL LAW.—*Defenses.*—*Insanity.*—*Evidence.*—*Burden of Proof.*—The presumption of sanity is sufficient to constitute a *prima facie* case in favor of the State where there is no evidence to dispute it, so that the State is not required to introduce evidence in chief to prove the sanity of defendant; but if some evidence is introduced upon that issue, the jury, if called upon to consider such evidence, must find that the State has sustained the burden of establishing defendant's sanity beyond a reasonable doubt.  p. 179.

3. CRIMINAL LAW.—*Defenses.*—*Insanity.*—*Reasonable Doubt.*—*Evidence.*—Reasonable doubt as to the sanity of defendant may arise from evidence introduced by the State as well as from that introduced by defendant.  p. 180.

4. CRIMINAL LAW.— *Defenses.*— *Insanity.*— *Instructions.*— An instruction in a criminal prosecution wherein insanity had been pleaded, stating that the burden of proving such defense was upon defendant, though he was not required to prove it beyond a reasonable doubt, but that it was sufficient if defendant by evidence adduced raised in the minds of the jurors a reasonable doubt as to his sanity, etc., was erroneous in the statement as to the burden, and was confusing in that the part following was susceptible to the construction that the evidence necessary to raise such reasonable doubt must be produced by defendant.  p. 180.

5.  APPEAL.—*Review.*—*Refusal of Instructions.*—Where requested instructions correctly stated the law, they should have been given, unless the legal propositions embodied therein were fully covered by instructions given.  p. 181.

From Randolph Circuit Court; *James S. Engle,* Judge.

Prosecution by the State of Indiana against Paul V. Walters.  From a judgment of conviction, the defendant appeals.  *Reversed.*

*S. A. D. Whipple & Son, John F. Lafollette, Emerson McGriff* and *Focht & Hutchens,* for appellant.

*Richard M. Milburn,* Attorney-General, *Bert Woodbury, Horace M. Kean, Leslie R. Naftzger, Michael A. Sweeney, Omer S. Jackson* and *Wilbur T. Gruber,* for the State.

LAIRY, J.—Appellant was prosecuted and convicted upon an indictment in two counts one charging larceny and the other robbery.  Appellant filed a plea of insanity.  The only questions presented on appeal arise under the motion for a new trial.  Several causes for a new trial were assigned but all of such assignments, except those relating to instructions, are waived by appellant's brief.

When the defense of insanity is interposed in a criminal case by a proper plea, the burden rests upon the State to establish beyond a reasonable doubt that the defendant was sane at the time of the commission of the acts alleged as constituting the crime.  This burden never shifts from the State.  Every person is presumed to be sane and this presumption is sufficient to constitute a *prima facie* case in favor of the State where there is no evidence to dispute it and for this reason the State is not required to introduce evidence in chief to prove the sanity of the defendant.  However, where there is some evidence introduced upon the issue of the defendant's sanity and the jury is called upon to consider such evidence for the purpose of determining his guilt or innocence, it must find that the State has sustained the bur-

den which the law imposes and that the evidence in the case establishes the sanity of the defendant beyond a reasonable doubt. Such reasonable doubt as to a defendant's sanity may arise from evidence introduced by the State as well as from that introduced by the defendant.

The court of its own motion gave to the jury the following instruction: "No. 2. The defendant, as before stated, has interposed the defense of insanity; that is, that he was of unsound mind at the time of the commission of the alleged larceny and robbery. The burden of proving this defense is upon the defendant; while the burden is upon the defendant to prove the unsoundness of mind, yet the defendant is not required to prove it beyond a reasonable doubt, or even by the burden of the evidence in the case, but it is sufficient if the defendant by evidence adduced raises in the minds of the jury a reasonable doubt as to whether at the time of the alleged commission of larceny and robbery he was of sound mind, and if the jury entertain a reasonable doubt as to whether the defendant was of sound mind or not at the time of the alleged crime, then the defendant is entitled to the benefit of such doubt and should be acquitted." By this instruction, the jury was told that the burden of proving the defense of insanity rested upon the defendant, and the part of the instruction which follows this statement does not cure the error embodied therein. The statement contained in the latter part of the instruction that it is sufficient if the defendant, by evidence adduced, raises in the minds of the jurors a reasonable doubt as to whether, at the time of the alleged commission of larceny and robbery, he was of sound mind, might lead the jury to believe that the evidence necessary to raise such a doubt must be produced by the defendant. It is sufficient to entitle the defendant to acquittal if the evidence in the case is such as to create or leave a reasonable doubt as to his guilt regardless of whether it is produced by the defend-

ant or by the State. Taken as a whole, this instruction may have had the effect of misleading the jury to the prejudice of the appellant; and, when the facts of this case as disclosed by the evidence are considered, the court is by no means satisfied that a just conclusion was reached.

Instructions Nos. 4 and 7 tendered by the appellant and refused, both state the law correctly, and both should have been given unless the propositions of law embodied therein were fully covered by instructions given.

5.

On account of the error in giving instruction No. 2, the judgment is reversed with directions to grant a new trial.

NOTE.—Reported in 108 N. E. 583. As to insanity as a defense for crime, see 36 Am. Dec. 402; 63 Am. St. 100; 76 Am. St. 83. On the question of presumption and evidence of proof as to sanity in criminal cases, see 36 L. R. A. 721, 727; 39 L. R. A. 737; 44 L. R. A. (N. S.) 119; 3 Ann. Cas. 926, 15 Ann. Cas. 95. See, also, under (4) 12 Cyc. 649, 647; (5) 12 Cyc. 666.