### BEARD v. STATE OF INDIANA

[No. 27,583.   Filed October 22, 1941.]

*Clyde C. Karrer* and *F. Neal Thurston,* both of Indianapolis, for appellant.

*George N. Beamer,* Attorney General, and *Norman E. Duke,* Deputy Attorney General, for appellee.

FANSLER, C. J.—The appellant was convicted of voluntary manslaughter. He assigns error upon the overruling of his motion for a new trial, which is based upon the assertion that the evidence is insufficient to sustain the verdict, and that there was error in giving certain instructions.

The appellant admitted shooting and killing, but contended that he shot in self-defense. The evidence upon this question is conflicting. One witness testified that the intruder was peacefully leaving the appellant's premises when the fatal shot was fired. This evidence is sufficient to sustain the verdict.

Appellant's only criticism of the instructions complained of is that, taken together, they "are not a complete statement of the law." There is no contention that the instructions incorrectly state the law in any respect. It is well settled that a defendant cannot complain of the failure of the court to instruct upon all phases of the law unless he has tendered instructions covering the phases that he claims were omitted. The appellant contends that the jury was entitled to consider evidence of his good character for the purpose of determining the amount of punishment, and that by its instructions the court limited the consideration of the evidence of good character to the question of guilt or innocence. The instructions were correct in this respect, since the punishment is fixed by statute, and the function of the jury was limited to determining whether or not the defendant was proven guilty. We have examined the instructions and find that they fully and correctly state the law.

Judgment affirmed.

NOTE.—Reported in 36 N. E. (2d) 939.