**COLUMBUS (CITY), Plaintiff-Appellee, v. LEWIS, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 3852—Decided February 19, 1946

John L. Davies, City Attorney, Columbus, Glenn E. Kemp, Columbus, for Plaintiff-Appellee.

E. E. Addison, Columbus, Abraham Gertner, Columbus, for Defendant-Appellant.

**OPINION**

By MILLER, J.

This matter comes before the Court on appeal on questions of law from a judgment of the Municipal Court of Co-

**126**

lumbus, Ohio, wherein the defendant was convicted of violating the provisions of Section 1089-1 of the city ordinances of Columbus, Ohio. The ordinance provides as follows:

"Whoever shall within the city of Columbus have in his possession, or in his custody, or under his control, any ticket, check, writing, slip, paper or document, which represents or is a memorandum of, or is evidence of, or is intended to be used as a memorandum or evidence of, or which is designed or intended to be used in the process of making, settling, paying, registering, evidencing, or recording, a number of shares or an interest in a lottery, 'policy', or scheme of chance, by whatever name, style, or title denominated or known, whether located or to be drawn, paid, or carried on within or without this city, shall be guilty of a misdemeanor * * *."

The affidavit charges that the defendant "did unlawfully have in his possession memorandum slips of a number of shares in a scheme of chance in violation of Section 1089-1, City Ordinance."

The record discloses that on the 31st day of March, 1945, at about 11:00 A. M. the accused was driving a passenger automobile in the City of Columbus, Ohio. Two members of the vice squad of the Columbus Police Department noticed the defendant and followed him in their car for a short distance, when the defendant, realizing that he was being followed by the police, pulled his car to the curb and asked them what they wanted. The officers had no search warrant at the time, but the defendant told the officers to search him and his car if they so desired, as he had nothing illegal in his possession. The officers made the search and found concealed under the heater of the defendant's car a package of slips, which were introduced into evidence. The defendant made a motion to suppress the evidence on the ground that it was illegally obtained. The Court overruled the defendant's motion and we think properly so, because the defendant waived his constitutional rights by suggesting that the officers make the search.

At the close of the City's case the defendant moved for a dismissal for failure of proof, which was also overruled.

We are of the opinion that the Court should have sustained this motion. A careful examination of the record discloses that the prosecution failed in its proof that the package of paper writing removed from the defendant's automobile con-

tained any memoranda or writing in violation of Section 1089-1 of the City Ordinance of Columbus, Ohio. The only evidence in the record with reference to this package is the following:

"Q. I will hand you a bunch, or some paper, with some writing and numbers on .it, what we will call slips which I will ask the stenographer to mark.

I will ask the stenographer to mark this City's Exhibit 'A', and I will ask you, Officer, if you can identify that exhibit.

A. These are the number slips that I removed.

MR. GERTNER: Object to the conclusion those are number slips and ask it be stricken from the record.

THE COURT: I will sustain the objection.

Q. All right. Can you identify Exhibit 'A'?

A. It's the paper I removed from the heater hose in the defendant's automobile.

Q. What, if anything, are those paper slips in your hand?

A. What is commonly known as a number slip.

MR. GERTNER: Object to the conclusion and ask it to be stricken from the record. What it is commonly known as is not the question. Your Honor, we are not going to convict this man on hearsay evidence or what people generally know, or what is commonly known as. The problem is, is he guilty of a specific offense prohibited by this specific ordinance. Common knowledge is immaterial and not admissible.

THE COURT: Sustain the objection to that part of the answer designating that it is a number slip."

This was all the evidence that was offered to establish the illegality of the City's Exhibit "A."

In the case of **City of Toledo v Johnson, 72 Oh Ap 46,** the Court properly held that,

"In order to sustain a conviction on a charge of unlawfully engaging 'in a game of chance for money, to wit, number game', in violation of an ordinance making it unlawful to engage in a game of chance, there must be proof that a 'number game' is a game or scheme of chance or gambling, there being no such 'game of chance' recognized by statute or ordinance as a 'number game'."

We quote from the opinion of Overmyer, J., at pp. 48 and 49:

"* * * No description of any kind is given of the 'slips' nor the purposes for which they are used nor that they have any connection with gambling. * * *

The prosecution herein was laid under an ordinance which does not define what shall constitute a game of chance, and the affidavit merely alleged the defendant engaged 'in a game of chance for money, to wit, a number game.' No proof whatever was offered to show what a 'number game' is or that a number game 'is a game of chance' for money, and we are not aware that the courts of Ohio have waived the requirements of criminal law and procedure—whether it is in a gambling prosecution or for burglary, forgery or murder—that the essential elements of the crime charged must be proven. The attack here made is not upon the sufficiency of the affidavit to charge an offense but upon the taking of judicial notice by the lower courts of the guilt of defendant of the essential elements of the offense charged, in lieu of proof thereof. * * * We have not reached that point where it is unnecessary to prove in a criminal case that a man has committed a crime in order to convict him of it, as against a plea of 'not guilty'."

We find that there is no evidence that the City's Exhibit "A" is a slip which represents or is a memorandum of or is evidence of, or is intended to be used in the process of making, settling, paying, registering, evidencing or recording a scheme of chance. There was nothing upon which to predicate the finding of guilt except the conclusion of the witness which the trial court had ruled to be improper and had ordered stricken from the record. The presumption of the innocence of the defendant was not overcome by the evidence, and the motion to dismiss should have been sustained.

The judgment is reversed, the defendant is ordered discharged and the cause remanded for execution.

HORNBECK, PJ, and WISEMAN, J, concur.