## KELLY ET AL. *v.* STATE OF INDIANA

[No. 28,316. Filed November 24, 1947. Rehearing Denied January 9, 1948.]

*Lockyear & Lockyear,* of Evansville, for appellants.

*Cleon H. Foust,* Attorney General, *Merl M. Wall,* Deputy Attorney General, for the state.

STARR, J.—This appeal is from a judgment of conviction for assault and battery.

The record discloses that after the prospective jurors were seated in the jury box on the date of trial, but before the *voir dire* examination had begun, the appellants made an oral motion that they be discharged from further prosecution and that they go acquitted by reason of having theretofore been placed in jeopardy for the identical offense charged in the affidavit in this cause in the City Court of Evansville, and at the same time asked that they be permitted to offer evidence in support of this motion. This request was denied and the motion overruled. From this ruling alone this appeal is taken.

Our statutes provide:

> "In all criminal prosecutions, . . . the defendant may plead the general issue orally, which shall be entered on the minutes of the court, and under it, the defendant may show and prove on the trial that he has before had judgment of acquittal, or been convicted or pardoned for the same offense, or any matter of defense except insanity. But the defendant may plead specially any matter of defense." § 9-1132, Burns' 1942 Replacement.

Former jeopardy is a matter of defense. It will be noted from the above quoted statute that this defense may be pleaded specially as a plea in bar or the same may be shown and proved under the general denial. This statute has no application when the facts showing former jeopardy appear of record in the same case. Under such circumstances this question can be raised by a motion to discharge as here attempted or in any other appropriate manner. 22 C. J. S. *Criminal Law,* § 277. In the case before us,

however, extrinsic matters were relied upon in this motion.

This oral motion cannot be considered as a special plea in bar as such a plea must be in writing. Our statutes governing criminal procedure in courts of record are silent as to whether this plea must be in writing. Under such circumstances the established practice and rules of procedure of the courts in criminal cases will operate so far as they are not inconsistent with the applicable rules of pleading and practice in civil actions. Ewbank's Indiana Criminal Law (2d ed.), § 301.

Ever since written pleas have been in use a special plea in bar has been commonly tendered in writing. Although in England it is, or has been, sometimes permitted to the defendant in treason and felony to put in special pleas orally, the clerk taking them down, but practically only pleas of guilty and not guilty are still orally delivered. Bishop's New Criminal Procedure (2d ed.), § 340 and § 789. In this country oral pleas except pleas of guilty or not guilty are unknown to our modern practices. *Crawford* v. *State* (1896), 112 Ala. 1, 21 So. 214; *State* v. *Ackerman* (1899), 64 N. J. Law 99, 45 A. 27; 16 C. J. *Criminal Law*, § 762.

It is true that in the case of *Andrews* v. *State* (1925), 196 Ind. 12, 146 N. E. 817, this court, in speaking of pleas in general, stated that a defendant may plead to a charge either orally or in writing but no special plea was involved in that case and what was said therein must be limited to the facts which were then being considered.

It is also true that § 9-1701, Burns' 1942 Replacement, requires the special plea of insanity be "in writing." We regard the words "in writing," as surplus in this section.

It is our opinion therefore, that the appellants have raised no question for this court to decide due ■ to the fact that no special plea was on file at the time of the alleged error.

Judgment Affirmed.

NOTE.—Reported in 75 N..E. (2d) 537.

## ON PETITION FOR REHEARING

STARR, J.—Appellants, in their brief in support of their petition for rehearing, assert that the original opinion in this case does not state that the trial of this cause had not begun at the time the appellants made their oral motion that they be discharged. They contend that the trial had actually begun at that time. The opinion shows that this motion was made and a hearing requested thereon before the *voir dire* examination had begun. A trial by jury does not begin until a jury is sworn. *Hunnell* v. *The State* (1882), 86 Ind. 431.

Our statute provides that the defense of former jeopardy may be shown under the general denial only where the defense is interposed *during the trial.* § 9-1132, Burns' 1942 Replacement. The state of the proceedings in this matter at the time the oral motion and request were made was such that the issue of former jeopardy could only be raised by a special plea in bar. *Mann* v. *State* (1933), 205 Ind. 491, 186 N. E. 283, rehearing denied 187 N. E. 343.

Petition for Rehearing Denied.

NOTE.—Reported in 78 N. E. (2d) 666.