## LIMP *v.* STATE OF INDIANA

[No. 28,602.    Filed May 26, 1950.]

Emmert, C. J., concurs with opinion in which Gilkison, J., concurs.

*Wilbur F. Dassel*, of Evansville, for appellant.

*J. Emmett McManamon*, Attorney General; *Charles F. O'Connor* and *Merl M. Wall*, Deputy Attorneys General, for appellee.

STARR, J.—The appellant herein was charged by affidavit in the Vanderburgh Circuit Court with the crime of first degree burglary and being an habitual criminal as defined by § 9-2207, Burns' 1942 Replacement. To this affidavit the appellant entered his plea of not guilty and a special plea of unsound mind. The trial was by jury which resulted in a verdict of guilty upon which judgment was rendered. It is from this judgment that this appeal was taken.

The appellant by his assignment of errors has called in question the sufficiency of the evidence to sustain the verdict. The substance of the argument is that all the evidence offered as to appellant's sanity tended to prove appellant's unsoundness of mind and therefore the jury was bound to acquit the appellant.

All the evidence offered in this case directly on the issue of appellant's sanity was substantially as follows: The appellant testified that just prior to the commission of the alleged crime he had been drinking a considerable amount of alcoholic liquor consisting of beer and whiskey; that he did not remember leaving the last tavern which he was in on that day; that he could not remember committing the acts complained of, and that his memory did not return until after he had been arrested for the alleged offense; that the first time he remembered what had happened was the following morning when told by the policemen. One Nettie Ziegler testified on behalf of the appellant that she saw him shortly before the commission of the alleged offense and that in her opinion he was under the influence of intoxicating liquor at that time.

The appellant's witness, one Dr. H. M. Kauffman, testified that he was engaged in the special work of psychiatry and that a few weeks after the commission of the offense he examined the appellant professionally and found no evidence of psychosis at that time and no type of insanity present. The doctor further testified it was his opinion that at the time of the alleged crime the appellant was suffering from a temporary type of mental disturbance known as pathological intoxication; that pathological intoxication is a mental disturbance certain individuals experience and is recognized as a type of insanity by practically all authorities on psychiatry. It may develop from a small or large quantity of intoxicants and differs from ordinary intoxication caused by liquor in that the sufferer has no memory at all after he becomes sober of what he has done, while a normal man after being intoxicated does recall some of the things that happen; that in some persons a comparatively small amount of alcohol may

cause this condition and they may become completely deranged, while this amount of alcohol would cause very little change in the conduct of an ordinary person. That this disorder lasts from a few minutes to a day or more and is usually followed by prolonged sleep, after awakening from which there is an amnesia from the episode. The witness further testified that due to the appellant's condition at the time the alleged acts were committed the appellant was incapable of forming a wilful intent. The witness further stated that he based his opinion not only on the statements he obtained from the appellant but also upon the facts that the appellant had complete amnesia, and that his behavior was strange because he entered the house as charged and only picked up trifling objects. That one suffering from this type of insanity can be perfectly normal, as is the appellant, while sober and yet if he takes two or three drinks of liquor it causes him to be insane, and that he may not have sufficient will power to leave liquor alone.

Dr. Harold Nisenbaum, who has had considerable experience in psychiatry, testified as a court witness. He testified that the appellant had a psychopathic personality, which is not a true insanity. That a man possessing such a personality will commit an act emotionally because of emotional drive without any consideration of the consequences of that act. That when the appellant is sober he does not commit crime, but the fact that he is a psychopathic person causes him to drink even though he realizes that when drunk he suffers amnesia which keeps him from realizing what he is doing; that appellant has not sufficient will power when sober to prevent him from choosing to drink or get drunk and commit crimes. This witness based his opinion solely upon the history given him by the appellant. The witness further stated that a large

percentage of the criminals with whom he has come in contact have had psychopathic personalities; that the appellant when sober is sane and of average intelligence and fully able to reason and to judge normally.

Another court witness, Dr. Charles C. Sutter, testified as an expert that he examined the appellant about two months after the alleged offense and that in his opinion he was sane on that day. The witness testified that there is such a thing as pathological intoxication or pathological alcoholism but it is not a type of insanity nor is it a psychosis. A person suffering from pathological alcoholism while drunk is apt to do things he would not do normally and afterwards there is complete amnesia.

Certain of the police officers who arrested the appellant while he was in the act of perpetrating the alleged offense with which he was charged testified that at the time he was not under the influence of intoxicating liquor; that when apprehended he attempted to escape, vigorously resisted arrest, and when finally subdued gave a fictitious name and stated to the officers: "I give up fellows, it looks like you got me."

Whether any of this evidence tended to support the plea of insanity or whether it merely tended to establish that the appellant was an alcoholic and was so drunk at the time the alleged offense occurred that he was incapable of forming the specific intent necessary to warrant a finding of guilty of the crime charged is not questioned or discussed by the appellee. Due to the view we have taken of this case as hereinafter set out it will not be necessary to decide this question.

Considering the evidence of Dr. Sutter and that of the police officers as set out above it cannot be said that all this evidence was one way. Furthermore, if we should concede that this evidence is all one way, and that it tends to prove the defense of insanity, to sustain the appellant's contention this court

would be compelled to hold as a matter of law that appellant's testimony herein, and what he told the experts upon which they based their opinions, must be taken by the jury as true. It was within the province of the jury to determine what evidence they would believe. *Cazak* v. *State* (1925), 196 Ind. 63, 147 N. E. 138. We consider to be the law what is laid down in *Freese* v. *State* (1903), 159 Ind. 597, 65 N. E. 915. That case involved the crime of murder. The defendant pleaded insanity and introduced testimony tending to prove her mental unsoundness, which was not rebutted by the state. In refusing to reverse for that reason this court, on page 604, stated:

> "The State introduced no evidence in rebuttal on the question of appellant's sanity, and for this reason appellant insists that the verdict was contrary to law. The substance of the argument is that as appellant offered evidence tending to prove appellant's unsoundness of mind, the jury was bound to acquit, in the absence of direct proof to the contrary. Unquestionably the sanity of the defendant must appear beyond a reasonable doubt, and, when the presumption of sanity that attends every one has been overthrown or impaired, the State must reestablish it by competent proof, or the defendant should be acquitted. But it is the province of the jury, under proper instructions, to determine when the condition of sanity has been made doubtful, and when the doubt has been removed.

> "All testimony is not proof. That only is proof which convinces. It may be, and in fact we must assume, that the jury, for what seemed to them sufficient reason, wholly discredited the testimony of appellant's daughter. She alone of all appellant's neighbors and friends detailed facts inconsistent with a sound mind, and gave all the evidence that was produced in support of the principal facts propounded to the experts as a hypothetical question. If the jury, as they had the right to do, declined to accept the facts of the hypothetical question as

proved, then the answers of the experts founded thereon, whatever they amounted to, went for nothing. So it is, if the jury, being the sole judges of the weight of the evidence, found the evidence offered by appellant unworthy of belief, they had a right to disregard it."

The law as stated in the case last cited is not in conflict with *Walters* v. *State* (1915), 183 Ind. 178, 108 N. E. 583, which is relied upon by the appellant and which was cited with approval in *Brattain* v. *State* (1945), 223 Ind. 489, 61 N. E. 2d 462. In each of those cases the burden of proof and the duty of the jury in criminal cases was being discussed and all that was intended was that where the defense of insanity is pleaded the burden rests on the state to prove beyond a reasonable doubt that the defendant was sane at the time of the commission of the alleged crime, which burden never shifts; that in the absence of evidence the presumption of sanity will suffice, therefore, the state is not required to introduce evidence in chief to prove the sanity of the defendant. But when some evidence has been introduced upon the issue the jury is called upon to consider all the evidence having a bearing on this issue and determine whether the state has sustained the burden which the law imposes. The evidence having a bearing on the issue is not limited to evidence directly upon the issue. Nowhere in either of these cases is it asserted that all oral evidence not expressly or directly contradicted must be accepted as true. We again approve what was said in *Wright* v. *Peabody Coal Co.* (1948), 225 Ind. 679, 77 N. E. 2d 116, on page 687, as follows:

"Of course the trier of facts cannot arbitrarily reject items of oral evidence but, even though a particular item of evidence is not expressly or directly contradicted, this does not prevent the trier from taking into consideration all of the other

evidence including circumstances and surroundings that might in any way affect the weight or credibility of such evidence, and the trier may disregard oral evidence if considered unreasonable or inconsistent with facts and circumstances shown by the other evidence in the case."

No instructions were offered or tendered by the appellant. No question is presented as to any of the instructions given by the court as appellant made ■ no specific objections to any of them as required by Rule 1-7 of this Court.

Finally appellant contends that the trial court failed to instruct the jury upon the issue raised by his plea of insanity. If appellant deemed it proper that ■ any additional instruction should be given on any phase of the case he should have tendered same. This he failed to do, and so failing he cannot now complain. *Beard* v. *State* (1941), 219 Ind. 87, 36 N. E. 2d 939; *Smith* v. *State* (1926), 198 Ind. 614, 154 N. E. 370.

For the reasons herein given the judgment of the trial court is affirmed.

Emmert, C. J., and Gilkison, J., concur in result with opinion.

## CONCURRING OPINION

EMMERT, C. J.—I concur in the result, but I cannot concur in the general reasoning that where the trial court fails to instruct "on any phase of the case," counsel for the accused must tender an instruction covering the phase in order to save prejudicial error on appeal.

The question is presented as to just how little a trial judge may instruct the jury in a criminal case and still stay within the limits of subsection 5 of § 9-1805, Burns' 1942 Replacement, which provides as follows:

"The court *must then charge the jury,* which charge, upon the request of the prosecuting attorney, the defendant or his counsel made at any time before the commencement of the argument, shall be in writing and the instructions therein contained numbered and signed by the court. In charging the jury *the court must state to them all matters of law which are necessary for their information in giving their verdict.* If he present the facts of the case he must inform the jury that they are the exclusive judges of all questions of fact, and that they have a right, also, to determine the law." (Italics supplied.)

It is well settled that, "The burden was upon the state to prove under the plea filed in this case, the sanity of appellant beyond a reasonable doubt and the jury must find that appellant was of sound mind at the time of the commission of the alleged offense beyond a reasonable doubt, and if the jury entertains a reasonable doubt as to the sanity of the accused at the time of the commission of the alleged offense they cannot legally return a verdict of guilty. *Walters* v. *State* (1915), 183 Ind. 178, 108 N. E. 583; *McHargus* v. *State* (1923), 193 Ind. 204, 139 N. E. 316." *Noelke* v. *State* (1938), 214 Ind. 427, 433, 15 N. E. 2d 950. When a plea of insanity is filed, I believe that the requirements of the statute that "the court must state to them all matters of law which are necessary for their information in giving their verdict," places the mandatory duty on the trial court to instruct on the burden of proof under this issue, even in the absence of a request by counsel for the giving of an instruction covering such matters. Rule 1-7 does not modify or amend the statute, nor require that an instruction be tendered before error can be predicated upon the failure of the court to instruct generally on the burden of proof, although many of the cases hold that this is the only manner of saving error with re-

spect to particular phases, such as giving of instructions on included and lesser offenses.

It would be error for the trial court to fail to instruct upon the burden of proof under a plea of not guilty, and likewise it would be error for the trial court to fail to instruct upon the issues presented by a plea of insanity and the burden of proof thereunder.[1]

But the trouble with appellant's position here is that this contention was never presented to the trial court in the motion for new trial. Trial counsel for appellant died after the filing of the praecipe for the transcript, and the first time the alleged failure of the trial court to instruct on the issue raised by the plea of insanity is presented is in appellant's brief. The brief does not present any contention that he was represented by such incompetent counsel that it amounts to a denial of due process, or the right to representation by counsel under § 13 of Article 1 of the Constitution of Indiana.

It does not appear that appellant was denied any constitutional right, nor that there may have been a miscarriage of justice when he was convicted, either of which, under the rule suggested in the dissent in *Johns* v. *State* (1949), 227 Ind. 737, 89 N. E. 2d 281, would justify this court in searching the record and reviewing

---

[1] In civil cases the rule is well settled that the duty to instruct generally is mandatory without request. "The duty of the court in this respect is mandatory, and no request is necessary. The giving of general instructions may be dispensed with by consent of the parties, but not otherwise. 'It is the duty of the court, in every case in which a general verdict is to be returned, to instruct the jury as to the force and legal effect of the facts which may have been proved within the issues.' It is not a sufficient compliance with the statute simply to state the issues to the jury, but the court should state the law applicable to the case on trial." 3 Lowe, *Works' Indiana Practice*, 427, § 55.2. See also *Cleveland* v. *Emerson* (1912), 51 Ind. App. 339, 344, 99 N. E. 796.

for error not properly saved. For these reasons I concur in the affirmance of the judgment.

Gilkison, J, concurs in this opinion.

NOTE.—Reported in 92 N. E. 2d 549.