DANIEL MARTIN BERRY *v.* STATE OF INDIANA.

[No. 768S116. Filed December 13, 1968. Rehearing
denied February 3, 1969.]

*Kenneth M. Waterman,* Fort Wayne, for appellant.

*John J. Dillon,* Attorney General, *Murray West,* Deputy Attorney General, for appellee.

ARTERBURN, J.—The appellant was charged with robbery and was found by a jury to be guilty as charged. On appeal, he claims the trial court erred in overruling his motion for a new trial.

Appellant does not deny, nor is the fact disputed that he robbed a liquor store. The clerk of the liquor store apprehended the appellant and held him until the police arrived. The defense raised was a special plea of not guilty by reason of insanity. Appellant argued that there was a failure or proof because the state failed to produce evidence to establish that the appellant was able to willfully control his impulse to commit the act charged.

In Indiana there is a presumption of sanity of a defendant. However, the burden rests on the state to prove beyond a reasonable doubt in the trial court that defendant was sane at the time of the commission of the alleged crime. Normally the presumption of sanity is sufficient to sustain such burden unless the defendant has introduced credible evidence to the contrary. *Brattain* v. *State* (1945), 223 Ind. 489, 61 N. E. 2d 462.

To satisfy this burden the state must prove:

1. That the accused could know and comprehend the nature and consequences of his act. The nature of the act embraces knowledge on his part that the act was wrong, for if the accused be unable to distinguish right from wrong, he would not know the nature of his act.

2. That the accused had sufficient will power to control his impulse to commit the act charged. *Flowers* v. *State* (1956), 236 Ind. 151, 163, 139 N. E. 2d 185, 193.

Appellant takes the position that having introduced evidence tending to show insanity and the state having introduced no evidence, the presumption of sanity is overcome. Appellant claims under the statement in *Flowers* v. *State* (1956), *supra,* the jury is compelled to accept the version of

the evidence offered by the defendant and find the defendant insane, and therefore we should reverse the case on that basis.

With this contention we cannot agree because it is not reasonable nor logical. It is true there is some comment in *Flowers* v. *State, supra,* that might be urged to support the defendant's position. However, we cannot accept a principle of law which says that any evidence introduced by the defendant which tends to prove insanity will overcome a presumption of sanity and must be accepted by the jury, regardless of whether the jury believes the evidence or not. In other words, defendant's final position is that even evidence which is not credible and which the jury believes to be untrue, because of the witness's lack of credibility, must nevertheless be accepted by the jury as true and overcome the presumption of sanity, where the state has introduced no other evidence. The law in this state is to the contrary. *Brattain* v. *State, supra,* must be read in that light and its reference to evidence means credible evidence. *Limp* v. *State* (1950), 228 Ind. 361, 365, 92 N. E. 2d 549, 550, states very plainly the law governing such a situation. That case involved the issue of insanity where no direct evidence had been introduced by the state in its part of the case. The court stated:

"... to sustain the appellant's contention this court would be compelled to hold as a matter of law that appellant's testimony herein, and what he told the experts upon which they based their opinions, must be taken by the jury as true. It was within the province of the jury to determine what evidence they would believe."

In refusing to reverse the conviction the court quoted from the case of *Freese* v. *State* (1903), 159 Ind. 597, 604, 65 N. E. 915, 917:

"The State introduced no evidence in rebuttal on the question of appellant's sanity and for this reason appellant insists that the verdict was contrary to law. The substance of the argument is that as appellant offered evidence tending to prove appellant's un-

soundness of mind, the jury was bound to acquit, in the absence of direct proof to the contrary. Unquestionably the sanity of the defendant must appear beyond a reasonable doubt, and when the presumption of sanity that attends every one has been overthrown or impaired, the State must reestablish it by competent proof, or the defendant should be acquitted. But it is the province of the jury, under proper instructions, to determine when the condition of sanity has been made doubtful, and when the doubt has been removed."

It is further the law in this state that on appeal we do not weigh the evidence to determine whether or not the evidence is sufficient to prove the defendant guilty beyond a reasonable doubt in our opinion. On appeal we look at only the evidence most favorable to the state, together with all reasonable and logical inferences to be drawn therefrom. *Fisher* v. *State* (1966), 247 Ind. 529, 219 N. E. 2d 818; *Ponos* v. *State* (1962), 243 Ind. 411, 184 N. E. 2d 10.

Looking at the evidence in this case we find that two medical doctors were appointed by the court to examine the defendant. Dr. Herbert Trier testified among other things "I found that he (appellant) did not have any brain disease or any well defined psychiatric disease that was influencing his behavior at the time." This referred to the time of the alleged crime. This doctor further testified that after an examination he found the defendant "legally sane." At another point in the examination, when an objection was made to the use of the word "legal" by the defendant's attorney, he stated that he "found him to be sane at the time of the commission of the act." On the other hand, Dr. Green, a court-appointed physician, testified that being under the influence of alcohol affected the defendant's judgment and that his judgment was impaired by drinking. He further testified in his opinion the appellant knew the difference between right and wrong but was "unable to control himself and prevent the acts from occurring" because of his alcoholism.

However, the weight and significance of Dr. Green's testimony is lost because of direct testimony by those who witnessed the crime (three witnesses) that in their opinion the defendant was not intoxicated at the time of the attempted robbery.

In the light of this testimony, the jury had every right to believe Dr. Trier's testimony instead of that of Dr. Green's, and we on appeal will not determine which doctor or which witnesses the jury should have believed.

The judgment of the trial court is affirmed.

Lewis, C.J., and Hunter and DeBruler, JJ., concur.

Jackson, J., concurs in result.

NOTE.—Reported in 242 N. E. 2d 355.