MARVIN LEON YOUNG *v*. STATE OF INDIANA.

[No. 1071S301. Filed March 30, 1972. Rehearing denied June 22, 1972.]

*John G. Bunner,* of Evansville, for appellant.

*Theodore L. Sendak,* Attorney General, *Darrel K. Diamond,* Deputy Attorney General, for appellee.

HUNTER, J.—This is an appeal by Marvin Leon Young from a judgment in the Vanderburgh Circuit Court convicting him

of Second Degree Burglary. On February 18, 1971, appellant was charged by affidavit. Appellant waived arraignment, and entered a plea of not guilty. On May 3, 1971, appellant entered a special plea of insanity. The cause was tried on May 10, 1971, and upon conviction appellant was sentenced to the Indiana State Prison for a term of not less than two (2) years nor more than five (5) years.

The sole issue presented on appeal concerns the correctness of the instructions given to the jury relating to the determination of the appellant's sanity.

State's Instruction Number One, given as modified, reads as follows:

> "In Indiana there is a presumption of sanity of a defendant. However, if the jury finds that credible evidence to the contrary has been introduced by the defendant, then the State has the burden to prove beyond a reasonable doubt that the defendant was sane at the time of the commission of the alleged crime, and if from evidence the State has failed to prove that the defendant has substantial capacity to appreciate the wrongfulness of his conduct and that the defendant had the mental ability and sufficient power to conform his conduct to the requirement of the law, then your verdict should be not guilty."

We need give no further consideration to the other instructions for the reason that the above instruction is patently defective. For reasons hereinafter stated, the judgment must be reversed.

It was error for the jury to be instructed that there was a presumption that the defendant was sane. It was also error to instruct the jury that "if the jury finds that credible evidence to the contrary has been introduced by the defendant, then the State has the burden to prove beyond a reasonable doubt that the defendant was sane at the time of the commission of the alleged crime. . . ."

It is clearly the law in this State that the defendant in a criminal prosecution is presumed to be sane. See, *Brattain* v.

*State* (1945), 223 Ind. 489, 61 N. E. 2d 462; *McHargue* v. *State* (1923), 193 Ind. 204, 139 N. E. 316; *Walters* v. *State* (1915), 183 Ind. 178, 108 N. E. 583. The presumption of sanity is a legal presumption, and its existence eliminates the necessity for the State to prove sanity in each and every criminal prosecution.

> "In a criminal case it is convenient to require the accused, if he wishes to raise the question of sanity, to produce evidence of his insanity. This saves the state the fruitless trouble of proving sanity in the great number of cases where the question will not be raised. The vehicle for accomplishing this saving of time is the presumption of sanity." McCormick, *Law of Evidence,* § 309, at 641 (1954).

In *Bradley* v. *State* (1870), 31 Ind. 492, the Court commented on the purpose and the nature of the presumption.

> "The legal presumption of sanity simply dispenses with proof on that subject in the first instance on the part of the State." 31 Ind. at 506.

The above language in *Bradley* v. *State, supra,* was cited with approval by Judge Ewbank in *McHargue* v. *State, supra.*

Keeping in mind the purpose and nature of the presumption of sanity, it logically follows that the only burden imposed by the presumption is the burden of producing evidence which is imposed upon the defendant. The burden of persuasion, however, rests at all times upon the State. In *Walters* v. *State, supra,* 183 Ind. at 179, 180, 108 N. E. at 584, the Court observed:

> "When the defense of insanity is interposed in a criminal case by a proper plea, the burden rests upon the State to establish beyond a reasonable doubt that the defendant was sane at the time of the commission of the acts alleged as constituting the crime. This burden never shifts from the State. Every person is presumed to be sane and this presumption is sufficient to constitute a *prima facie* case in favor of the State where there is no evidence to dispute it and for this reason the State is not required to introduce evidence in chief to prove the sanity of the defendant. How-

ever, where there is some evidence introduced upon the issue of the defendant's sanity and the jury is called upon to consider such evidence for the purpose of determining his guilt or innocence, it must find that the State has sustained the burden which the law imposes and that the evidence in the case establishes the sanity of the defendant beyond a reasonable doubt. Such reasonable doubt as to a defendant's sanity may arise from evidence introduced by the State as well as from that introduced by the defendant."

It is clear from the language in the *Walters* decision that the presumption of sanity is sufficient to constitute a *prima facie* case in favor of the State where there is no evidence introduced to dispute the presumption. Stated in other terms, if the defendant fails to meet the burden of producing evidence, the legal presumption of sanity is sufficient to establish a *prima facie* case in favor of the State. Thus the only significance of the presumption is that it operates where no evidence of insanity has been introduced. This view is wholly consistent with the purpose the presumption is intended to serve. It follows, therefore, that when the defendant has met the burden of producing evidence, the legal presumption of sanity has no further evidentiary value, and the jury should not be instructed as to its existence.

In *Commonwealth* v. *Vogel* (1970), 440 Pa. 1, 17, 268 A. 2d 89, 102, Mr. Justice Pomeroy, in an Opinion in Support, logically sets forth what we believe to be the correct statement of the law:

"According to the view this Court has expressed on past occasions, a presumption of law is not evidence nor should it be weighed by the factfinder as though it had evidentiary value. Rather, a presumption is a rule of law enabling the party in whose favor it operates to take his case to the jury without presenting evidence of the fact presumed. It serves as a challenge for proof and indicates the party from whom such proof must be forthcoming. When the opponent of the presumption has met the burden of production thus imposed, however, the office of the presumption has been performed; the presumption is of no further effect and drops from the case. See *Watkins* v. *Prudential Insurance Co.*, 315 Pa. 497,

173 Atl. 644 (1934) ; *Szmahl's Estate*, 335 Pa. 89, 6 A. 2d 267 (1939) ; *Geho's Estate*, 340 Pa. 412, 17 A. 2d 342 (1941) ; *Commonwealth* v. *Wucherer*, 351 Pa. 305, 41 A. 2d 574 (1945) ; *Waters* v. *New Amsterdam Cas. Co.*, 393 Pa. 247, 144 A. 2d 354 (1958) ; *Waugh* v. *Commonwealth*, 394 Pa. 166, 146 A. 2d 297 (1958) ; and *Allison* v. *Snelling & Snelling, Inc.*, 425 Pa. 519, 229 A. 2d 861 (1967). See, also, 9 Wigmore, 3rd Ed. § 2490 et seq. (1959)."

Our case law prior to *Berry* v. *State* (1968), 251 Ind. 494, 242 N. E. 2d 355, provided that the burden of producing evidence had been met when "some" evidence of insanity had been introduced. See, *Flowers* v. *State* (1956), 236 Ind. 151, 139 N. E. 2d 185; *Brattain* v. *State, supra; Walters* v. *State, supra.* However, in *Berry*, the Court interpreted "some" evidence to mean "credible" evidence. If we accept the proposition that the trial court should exclude any instruction relating to the legal presumption of sanity once the burden of producing evidence has been met, it follows that the test for meeting this burden should not be whether the evidence is credible. The determination of credibility is a question solely for the trier of fact. The better and more logical rule is that the burden of producing evidence is met when competent or admissible evidence, direct or circumstantial, has been introduced on the issue of insanity. A majority of the court, including this author, concurred in the decision in *Berry*. However, as was recognized in *Jenkins* v. *Review Board of Indiana Emp. Sec. Div.* (1965), 138 Ind. App. 12, 211 N. E. 2d 42,

"We are of the opinion that 'the Judiciary should always be pervious to demonstration of judicial error'. Therefore, where judicial errors are apparent, they should be judicially corrected for not to do so is to indulge the principle of the 'aristocracy of the robe' ". 138 Ind. App. at 23, 211 N. E. 2d at 48.

Therefore, to the extent that *Berry* v. *State, supra,* is in conflict herewith, it is to that extent overruled. After a plea of

insanity has been made and competent evidence on that issue has been introduced, the legal presumption of sanity should disappear, and the jury should not be instructed as to its prior existence or its operation.

In the case at bar, there was competent evidence introduced on the issue of insanity. Thus it was error to instruct the jury as to the existence of the legal presumption of sanity as it had ceased to have legal significance.

The instruction that "if the jury finds that credible evidence to the contrary has been introduced by the defendant, *then* the State has the burden to prove beyond a reasonable doubt that the defendant was sane at the time of the commission of the alleged crime . . ." is also erroneous. The only burden imposed upon the defendant is the burden of producing competent evidence. The burden of persuasion, which is persuasion beyond a reasonable doubt, is *always* on the State and the burden never shifts. See, *Brattain* v. *State, supra; Walters* v. *State, supra.* Furthermore, once the issue of the defendant's insanity has become a question of fact for the jury, the jury has a right to consider *all* of the evidence relating to this issue, whether introduced by the State or by the defendant. See, *Brattain* v. *State, supra; Walter* v. *State, supra.*

For all of the foregoing reasons, the judgment is reversed and the cause remanded for a new trial.

Judgment reversed.

DeBruler, Givan and Prentice, JJ., concur; Arterburn, C. J., concurs in part and dissents in part with opinion.

### CONCURRING IN PART; DISSENTING IN PART.

ARTERBURN, C. J.—I can not concur in the reasoning of the majority opinion because I see no reason for changing the law in Indiana from that set forth in *Berry* v. *State* (1968), 251 Ind. 494, 242 N. E. 2d 355, concurred in at the time by both Judges Hunter and DeBruler,

Vacillation and change in ruling precedent is to be deplored. It leaves the trial courts in a state of confusion.

I do concur in the result in this case for another reason, namely because the instruction, by its very wording places upon the *defendant* the necessity of producing evidence of insanity. The law is to the contrary without question. Namely that the evidence, whether it comes from the State's side or from the defendant's side of the case on the issue of insanity should be considered by the jury. The foregoing instruction, by its words, limits the evidence on insanity to be considered by the jury to that "introduced by the defendant."

The majority opinion in substance states that it is error "for the jury to be instructed that there was a presumption that the defendant was sane." Yet it is clearly the law in the State that the defendant in a criminal cause is presumed to be sane. It does concede that "the presumption of sanity is a legal presumption and its evidence eliminates the necessity for the State to prove sanity in each and every criminal prosecution."

It further says that the presumption disappears if *any* evidence of insanity is introduced. In my opinion this is a misstatement of the law. "Any evidence" covers both credible or incredible, or unbelievable evidence, and therefore, if evidence, no matter how incredible, is introduced on insanity, the presumption may not be considered by the jury under the majority opinion. As a result, any evidence becomes credible under the majority opinion because it must be accepted sufficiently to counteract the presumption of sanity which is universally recognized.

The majority opinion says that the jury should not be instructed upon the presumption of sanity apparently at any time, because if no plea of insanity is made, there is no such issue existing upon which such instructions can be based. If the plea of insanity is made, any evidence eliminates the

court's privilege of instructing the jury on the law of presumption. Of course, *any* evidence means simply what it says, any fact may be considered in the case on the question of the defendant's sanity, and therefore, a trial court will never be able to determine when, if at any time, the jury should be instructed upon the legal presumption of sanity.

The Constitution of Indiana, Article I, Section 19 states:

"In all criminal cases whatever, the jury shall have the right to determine the law and the facts."

This constitutional provision is implemented by the statutes, *Burns'* 9-1805 which directs the court to state to the jury all matters of law which are necessary for their determination of a cause and to state to the jury that they have a right not only to determine the facts in the case but "also to determine the law."

The majority opinion holds that to be error, to tell a jury that there exists a presumption of sanity. The majority opinion holds that it is error to instruct a jury that there exists a principle of law that a person is presumed sane until credible evidence to the contrary convinces them of his insanity.

The majority opinion indulges in a great deal of semantics discussing the "burden of producing," "burden of proof" and "burden of persuasion."

It states the "burden of producing evidence" of insanity is on the defendant; "the burden of persuasion, however, rests at all times upon the State."

I must confess I am totally confused and I think the trial courts of the state will be by such language.

C. McCormick, *Law of Evidence*, p. 665 (1954), makes the following statement regarding presumptions:

". . . but it is believed that the prevailing view is that merely advising the jury of the existence of the presumption as a rule which warrants or authorizes them to find in accord with it, does not violate the statute. Certainly the practice of apprising the jury on presumptions if followed

constantly in many states . . . 'The form books are replete with instructions on presumptions and the digests give abundant evidence on the widespread and unquestioning acceptance of the practice of informing the jury of the presumption despite the fact that countervailing evidence has been adduced upon the disputed inference. It seems to me that the practice is wise and indeed almost necessary.' "

8 ILE *Criminal Law* Sec. 164 (1971) says in part:

"A presumption exists that all men are sane, including an accused, and the mere introduction by the accused of evidence tending to show insanity does not overcome the presumption of sanity." Citing *Berry* v. *State* (1968), 251 Ind. 494, 242 N. E. 2d 355.

To the same effect see: 21 Am. Jur. 2d *Criminal Law* Sec. 50 (1965).

We are faced, therefore, with the position of changing the law in Indiana, which follows the majority rule as McCormick points out, to that in which the jury is to be told nothing about the presumption of sanity. We are further put in the position of usurping the jury's right to determine whether or not it is credible evidence presented of insanity, because under the majority opinion, *any* evidence, whether credible or not, overcomes the presumption of sanity and the jury is not entitled to consider the presumption of sanity. It would also follow under such a theory, that if any evidence, whether believable or not, is presented on the question of insanity, the defendant would be entitled to a directed verdict if the State had failed to present positive evidence of sanity in its prima facie case.

In other words, if the State makes out its prima facie case along with presumption of sanity as it usually does, and the defendant introduces any evidence of insanity, even though the jury does not believe it; upon a motion for a directed verdict, the judge would be compelled to direct a verdict in favor of the defendant. This would be compelled on the ground that any evidence (even though the jury may find it is unbeliev-

able and incredible evidence) on that issue has eliminated the presumption of sanity.

This very point is emphasized in *Freeze* v. *State* (1903), 159 Ind. 597, 65 N. E. 915 where the defendant pleaded insanity and introduced some evidence tending to prove insanity. The State offered no evidence to the contrary in rebuttal.

The Court stated:

> "The substance of the argument is that as appellant offered evidence tending to prove appellant's unsoundness of mind, the jury was bound to acquit, in absence of direct proof to the contrary. Unquestionably the sanity of the defendant must appear beyond a reasonable doubt, and, when the presumption of sanity that attends every one has been overthrown or impaired, the State must reestablish it by competent proof, or the defendant should be acquitted. But it is the province of the jury, under proper instructions, to determine when the condition of sanity has been made doubtful, and when the doubt has been removed.
>
> All testimony is not proof. That only is proof which convinces. It may be, and in fact we must assume, that the jury, for what seemed to them sufficient reason, wholly discredited the testimony of appellant's daughter." . . . 'So it is, if the jury, being the sole judges of the weight of the evidence, found the evidence offered by appellant unworthy of belief, they had a right to disregard it'."

Under the theory of the majority opinion there would be no presumption of sanity in the above case, at the same time the jury would not believe or accept as credible the testimony on insanity. Therefore, there being no evidence to go to the jury on the issue of insanity and the "burden of persuasion" and "burden of proof" being on the State, the Court would have been compelled to direct a verdict for the defendant. Since under the majority opinion the "burden" imposed by the presumption is the "burden of producing evidence" which is imposed upon the defendant. It appears the defendant sustained his "burden."

I still think *Berry* v. *State* (1968), 251 Ind. 494, 242 N. E. 2d 355, is good law when it points out that a jury is entitled

to be instructed that there is a presumption of sanity until there is *credible* evidence (evidence which they believe) of insanity introduced into the case, not merely any unbelievable evidence as the majority would insist. I point out that this opinion so far as I can find has caused no difficulty with trial courts. I further point out that it has long been customary for trial courts to instruct the jury on the presumption of sanity.

I do not think we should change the law in Indiana and create more confusion. Of course, the State must prove its case beyond a reasonable doubt, but I do not think it has to include positive evidence of sanity in the opening case.

*Berry* v. *State, supra,* quotes from and is supported by the law in *Limp* v. *State* (1950), 228 Ind. 361, 365, 92 N. E. 2d 549, 550, and in theory by *Freeze* v. *State* (1903), 159 Ind. 597, 604, 65 N. E. 2d 915, 917.

In the latter case our court stated:

"But it is the province of the jury, under *proper instructions,* to determine when the condition of sanity has been made doubtful, and when the doubt has been removed." (emphasis added)

We ask what is a jury to do if it does not believe the evidence as to insanity unless it is instructed that there is a presumption of sanity in such a case? In our opinion the cases in Indiana answer that question without leaving the jury in a dilemma and the trial courts also.

NOTE.—Reported in 280 N. E. 2d 595.