CARL WILLIAM HOLLANDER *v*. STATE OF INDIANA.

[No. 3-1072 A 73. Filed May 29, 1973.]

*Barrie C. Tremper,* Public Defender, of Fort Wayne, for appellant.

*Theodore L. Sendak,* Attorney General, *Lynda F. Huppert,* Deputy Attorney General, for appellee.

## I.

### STATEMENT ON THE APPEAL

STATON, J.—William Hollander was under arrest for writing bad checks. He arrived at police headquarters with two policemen who took him to the Detective Bureau for interrogation. After a short interrogation, Officer Lehman escorted Hollander downstairs to be booked and processed. Officer Bragalone had been instructed to book Hollander and process him. With almost imperceptible quickness, Hollander lunged at Officer Lehman, grabbed his gun out of the holster and shot Officer Bragalone. An affidavit charging assault and battery with intent to kill was filed against William Hollander.[1]

A petition for a pre-trial psychiatric examination was filed by William Hollander and granted by the trial court.[2] The trial court found him to be mentally competent to stand trial. Trial by jury was waived and William Hollander was tried by the court. Only one defense witness testified, Dr. Lyon. He testified that William Hollander could not have intended to shoot Officer Bragalone due to the incidence of a *fugue* state. The essence of this condition constitutes a severe disassociated state of mind. The State objected to Dr. Lyon's testimony for the reason that William Hollander had not filed a special plea of insanity prior to trial. The trial court overruled the State's objection and admitted Dr. Lyon's testimony. At the conclusion of the trial, William Hollander was found guilty and sentenced to the Department of Corrections for a period of not less than two (2) years nor more than fourteen (14) years.

William Hollander filed his motion to correct errors contending that the trial court had erred when it arbitrarily disregarded the expert testimony of Dr. Lyon. This contention of error necessarily presupposes that the sanity of William Hollander was an issue of fact before the court. Before reaching the proposed contention of error, it must first be

---

1. IC 1971, 35-13-2-1; Ind. Ann. Stat. § 10-401a (Burns 1972 Supp.).
2. IC 1971, 35-5-3-2; Ind. Ann. Stat. § 9-1706a (Burns 1972 Supp.).

determined whether William Hollander's sanity was a question of fact to be decided by the trial court as the trier of fact. This will be the decisive issue. Before deciding this issue, several preliminary issues must be decided. These issues are:

1. Does the defense of insanity at the time of the offense have to be specially pleaded in writing?
2. Does the trial court have any discretion to receive insanity testimony without the defense of insanity having been specially pleaded as required by statute?

Our opinion concludes that the defense of insanity at the time of the offense must be specially pleaded in writing. We further conclude that the trial court does not have any discretion to admit insanity testimony when the defense of insanity has not been specially pleaded. Therefore, the issue of William Hollander's sanity was not a question of fact to be decided by the trial court as the trier of fact. Admitting Dr. Lyon's testimony over the State's objection was error. No prejudice or harm has been shown which resulted from the trial court's ruling. Therefore, the error is harmless. This opinion affirms the judgment of the trial court.

## II.
## STATEMENT OF THE FACTS

William Hollander was being held by bank officials for writing bad checks on November 13, 1970 when he was released to the Fort Wayne, Indiana police. At police headquarters, he was first interrogated by the Detective Bureau and then taken downstairs by Officer Lehman for booking and processing. After arriving downstairs, Officer Bragalone appeared. He would book and process Hollander. With almost imperceptible quickness, Hollander lunged at Officer Lehman, grabbed his gun out of the holster and shot Officer Bragalone. An affidavit charging assault and battery with intent to kill was filed against William Hollander.

Before trial, William Hollander filed a petition on January

13, 1971 for a psychiatric examination which was granted. The trial court found him to be mentally competent to stand trial on July 27, 1971. After waiving trial by jury, William Hollander's trial commenced October 26, 1971 without any special plea of insanity in writing being filed with the trial court. Only one defense witness was offered, Dr. Lyon. He testified over the objection of the State to a *fugue* state of mind which constitutes a severe disassociation. His concluding testimony was that William Hollander could not have intended to shoot Officer Bragalone. The trial court found William Hollander guilty and sentenced him to the Department of Corrections for a period of not less than two (2) nor more than fourteen (14) years.

William Hollander contends that the trial court committed error by disregarding the testimony of Dr. Lyon. His motion to correct errors raises several issues which will be discussed below.

## III.
## STATEMENT OF THE ISSUES

The most fundamental issue presented here is:

Was William Hollander's sanity a question of fact to be decided by the trial court as the trier of fact?

Before reaching this issue, several primary issues must be decided. These primary issues are:

1. Does the defense of insanity at the time of the offense have to be specially pleaded in writing?
2. Does the trial court have any discretion to receive insanity testimony without the defense of insanity having been specially pleaded as required by statute?

The weight to be accorded expert testimony and the application of the Indiana tests for mental competency are not in issue here. See *Hill* v. *State* (1969), 252 Ind. 601, 251 N.E.2d 429. Nor is the province of the trier of fact in issue. See *Moore* v. *State* (1973), 260 Ind. 154, 293 N.E.2d 28.

IV
## STATEMENT ON THE LAW

The burden of proving the defendant's sanity beyond a reasonable doubt stays with the State throughout the entire trial. It never shifts or changes. An evidentiary presumption of sanity establishes a *prima facie* case for the State which relieves the State from presenting any evidence on the fact question of sanity. It is only when the defendant challenges the presumption with evidence of insanity that a question of fact is presented to the trier of fact. *Young* v. *State* (1972), 258 Ind. 246, 280 N.E.2d 595; *Berry* v. *State* (1968), 251 Ind. 494, 242 N.E.2d 355. Thus, the fundamental issue to be decided is: Was William Hollander's sanity a question of fact to be decided by the trial court as the trier of fact? To decide this issue, we must first determine what are the necessary prerequisites to place the issue of insanity before the trier of fact. The first preliminary issue to be discussed is:

Does the defense of insanity at the time of the offense have to be specially pleaded in writing?

Insanity is a plea in bar to the prosecution and conviction of a defendant charged with an offense. At common law, the defense of insanity had to be specially pleaded in writing. *Kelly* v. *State* (1947), 225 Ind. 577, 75 N.E.2d 537. In *Badgley* v. *State* (1948), 226 Ind. 665, 676, 82 N.E.2d 841, our Supreme Court stated in an opinion written by Judge Emmert after citing IC 1971, 35-5-2-1; Ind. Ann. Stat. § 9-1701 (Burns 1956) that:

". . . [A] special plea of insanity must be made in writing for the defense to be in issue."

The statute cited by the Supreme Court, IC 1971, 35-5-2-1, *supra*, provides:

"When the defendant in a criminal cause desires to plead that he was of unsound mind at the time the offense charged was committed, he himself, or his counsel, must set up

such a defense specially in writing and the prosecuting attorney may reply thereto by a general denial in writing." (See also IC 1971, 35-5-2-2; Ind. Ann. Stat. § 9-1702 (Burns 1956) for procedure.)

A review of the statutes and common law authorities compel us to conclude that a special written plea of insanity is a necessary prerequisite to placing the issue of insanity before the trier of fact. *Walker* v. *State* (1893), 136 Ind. 663, 36 N.E. 356; *Fritz* v. *State* (1912), 178 Ind. 463, 99 N.E. 727; *Kelly* v. *State* (1947), 225 Ind. 577, 75 N.E.2d 537; *Harris* v. *State* (1972), 154 Ind. App. 129, 289 N.E.2d 344.

Dr. Lyon's testimony was admitted over the objection of the State. Our next preliminary issue is whether the trial court had any discretion to admit into evidence testimony of insanity. We have already concluded above that William Hollander's sanity was not an issue of fact to be decided by the trier of fact. The special written plea of insanity is notice to the State that the defendant intends to challenge the presumption of sanity which supports the State's *prima facie* case of defendant's sanity in every criminal trial. Justice Hunter, writing for the majority in *Young* v. *State, supra,* 280 N.E.2d at 598, explained the function of the presumption:

"It is clear from the language in the *Walters* decision that the presumption of sanity is sufficient to constitute a *prima facie* case in favor of the State where there is no evidence introduced to dispute the presumption. Stated in other terms, if the defendant fails to meet the burden of producing evidence, the legal presumption of sanity is sufficient to establish a *prima facie* case in favor of the State. Thus the only significance of the presumption is that it operates where no evidence of insanity has been introduced. This view is wholly consistent with the purpose the presumption is intended to serve. It follows, therefore, that when the defendant has met the burden of producing evidence, the legal presumption of sanity has no further evidentiary value, and the jury should not be instructed as to its existence."

No special written plea of insanity was filed by William Hollander to give the State notice of an intended challenge to

the presumption of sanity. Without this notice, the presumption remains unscathed by Dr. Lyon's testimony. We hold that the trial court had no discretion to receive insanity evidence until reasonable statutory notice had been given to the State. Not much imagination is required to appreciate the evidentiary and procedural problems that would surface if the defendant's sanity could be placed in issue at any stage of the criminal trial without written notice to the State and without regard to preliminary statutory requirements. The resulting chaos would be devastating to the administration of criminal justice.

The trial court's overruling of the State's objection to Dr. Lyon's testimony was error. No prejudice or harm to William Hollander has been shown. The error is harmless. *Turner* v. *State* (1972), 259 Ind. 344, 287 N.E.2d 339; *Summerlin* v. *State* (1971), 256 Ind. 652, 271 N.E.2d 411; *Micks* v. *State* (1967), 249 Ind. 278, 230 N.E.2d 298.

## V.
## DECISION OF THE COURT

A special written plea of insanity is a necessary prerequisite to placing the issue of insanity before the trier of fact. It is not within the discretion of the trial court to admit insanity evidence for the purpose of challenging the presumption of sanity in the absence of a special written plea of insanity. The trial court in the present case committed error when it overruled the State's objection and admitted the testimony of Dr. Lyon. No prejudice or harm has been shown from the error; therefore, the error is harmless and not reversible error.

The judgment of the trial court should be and the same hereby is affirmed.

Hoffman, C.J. and Sharp, J., concur.

NOTE.—Reported at 296 N.E.2d 449.