ARTHUR PEREZ *v.* STATE OF INDIANA.

[No. 3-573A54. Filed June 19, 1974.]

*W. Henry Walker, Walker and Walker,* of East Chicago, for appellant.

*Theodore L. Sendak,* Attorney General, *A. Frank Gleaves, III,* Deputy Attorney General, for appellee.

PER CURIAM—The defendant was charged with second degree burglary and was convicted by a jury of the lesser included offense of entering to commit a felony.

The sole issue raised on appeal is the giving by the court of its final instruction numbered 13 which reads as follows:

"In this case, the first proposition which presents itself to the jury for consideration is, did the defendant commit the crime of Burglary in the Second Degree as charged in the affidavit. If you are not satisfied beyond a reasonable doubt that he did then the inquiry is ended and the defendant must be acquitted of that charge; but if you should determine that the defendant did, at the time and place and in the manner and form as alleged in the affidavit commit the crime of Burglary in the Second Degree then it would be your duty to find the defendant guilty of Burglary in the Second Degree and you will find in addition thereto, if proven, his age, but you will not asses (sic) any punishment as that is fixed by statute and is to be assessed by the Court upon conviction; but, if you should entertain a reasonable doubt as to whether or not the defendant is guilty of Burglary in the Second Degree as charged in the affidavit but you are satisfied beyond a reasonable doubt that the defendant is guilty of the lesser crime included in the charge; namely, Entering to Commit a Felony, then you will apply the law of Entering to Commit a Felony to the facts in the case and if you and each of you are staisfied (sic) beyond a reasonable doubt that the defendant did, at the time and place and in the manner and form as alleged in the affidavit commit the crime of Entering to Commit a Felony, as charged in the affidavit, then it would be your duty to find the defendant guilty of Entering to Commit a Felony as charged, and find in addition thereto, if proven, his age, but you need not fix the punishment as that is fixed by statute and is to be assessed by the Court on a finding of guilty; but if the Jury shall entertain a reasonable doubt as to whether the defendant is guilty of the crime of Entering to Commit a Felony, as charged in the affidavit, then it will be your duty to find him not guilty of that charge."

The offenses of burglary in the second degree and entering to commit a felony were defined in the court's instructions numbered 2 and 3 respectively.

It is not contended that instruction numbered 13 is incorrect as far as it goes.

Instead the defendant's contention, and the objection made to the instruction at the trial, is that the court should addi-

tionally define in instruction 13 or by separate instruction the terms "felony" and "misdemeanor".

The defendant, however, tendered no instructions to the court on this or any other point. Under such circumstances our courts have long and consistently determined that no available error is presented. *Limp* v. *State* (1950), 228 Ind. 361, 92 N.E.2d 549; *Culp* v. *State* (1944), 222 Ind. 202, 52 N.E.2d 486; *Beard* v. *State* (1941), 219 Ind. 87, 36 N.E.2d 939; *Maxey* v. *State* (1938), 214 Ind. 623, 16 N.E.2d 880; *Smith* v. *State* (1926), 198 Ind. 614, 154 N.E. 370.

Accordingly, the judgment is affirmed.

NOTE.—Reported at 312 N.E.2d 141.